# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

|  |  |
|---|---|
| THETA IP, LLC,<br><br>       *Plaintiff*,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>       *Defendants*. | Civil Action No. 6:20-cv-00160-ADA<br><br><br>**JURY TRIAL DEMANDED** |

## SAMSUNG'S MOTION TO DISMISS THETA'S COMPLAINT

# **TABLE OF CONTENTS**

I.      INTRODUCTION ....................................................................................................... 1

II.     STATEMENT OF FACTS .......................................................................................... 2

        A.      Theta's Prior Litigation Against Samsung and Covenant Not to Sue .................. 2

        B.      The Patents-in-Suit and the Current Litigation .................................................... 4

III.    LEGAL STANDARDS ............................................................................................... 6

        A.      Motions to Dismiss .............................................................................................. 6

        B.      Legal Estoppel and Implied License .................................................................... 8

        C.      Indirect Infringement and Willfulness ................................................................. 9

        D.      Direct Infringement ............................................................................................ 10

IV.     ARGUMENT ............................................................................................................ 11

        A.      The Theta CNS Grants Samsung an Implied License to the Patents-in-Suit
                and Thus Legally Estops Theta from Suing Samsung for Infringement ............. 11

        B.      Theta Has Not Alleged the Knowledge and Specific Intent to Infringe
                Necessary to Support Its Claims for Indirect and Willful Infringement ............. 12

        C.      Theta Has Not Alleged That Samsung Performs the Infringing Methods ........... 14

V.      CONCLUSION ......................................................................................................... 15

## TABLE OF AUTHORITIES

**CASES**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
   620 F. App'x 934 (Fed. Cir. 2015) ...................................................................9, 14

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*,
   No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ................................10, 13

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-CV-0702-XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ............................14

*Aguirre v. Powerchute Sports, LLC*,
   No. SA-10-CV-702-XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ................................9

*AMP Inc. v. United States*,
   389 F.2d 448 (Ct. Cl. 1968) ...................................................................................8

*Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*,
   709 F.3d 1348 (Fed. Cir. 2013)...........................................................................11, 14

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009).............................................................................................7

*Ayati-Ghaffari v. JP Morgan Chase Bank, N.A.*,
   No. 4:18-CV-483-ALM-CAN, 2019 WL 1550141 (E.D. Tex. Feb. 10, 2019).......................7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).............................................................................................7

*Cheetah Omni LLC v. AT&T Servs., Inc.*,
   949 F.3d 691 (Fed. Cir. 2020)........................................................................1, 8, 9, 12

*Commil USA, LLC v. Cisco Sys., Inc.*,
   135 S. Ct. 1920 (2015)........................................................................................9, 13

*De La Vega v. Microsoft Corp.*,
   No. W-19-00612-ADA, ECF No. 29 (W.D. Tex. Feb. 11, 2020) ........................................6, 7

*Ericsson, Inc. v. D-Link Sys., Inc.*,
   773 F.3d 1201 (Fed. Cir. 2014)..........................................................................11, 14

*Firefighters' Ret. Sys. v. EisnerAmper L.L.P.*,
   898 F.3d 553 (5th Cir. 2018) ..................................................................................7

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*,
   651 F.3d 1355 (Fed. Cir. 2011)......................................................................1, 8, 9, 12

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) ...................................................................................................10

*Intellectual Ventures I LLC v. VMware, Inc.*,
    No. 1:19-cv-01075-ADA, ECF Text Entry (W.D. Tex. Feb. 20, 2020) ............................9, 14

*Jefferson St. Holdings Intellectual Prop. LLC v. Tech 21 UK Ltd.*,
    No. 5:18-CV-806-DAE, 2019 WL 5795667 (W.D. Tex. June 10, 2019) ................................8

*Joy Techs., Inc. v. Flakt, Inc.*,
    6 F.3d 770 (Fed. Cir. 1993) .................................................................................10, 11, 15

*Lucent Techs., Inc. v. Gateway, Inc.*,
    580 F.3d 1301 (Fed. Cir. 2009) ...................................................................................10, 14

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1:18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ...........................10, 13

*Meyers v. Textron, Inc.*,
    540 F. App'x 408 (5th Cir. 2013) .....................................................................................8

*Norris v. Hearst Trust*,
    500 F.3d 454 (5th Cir. 2007) .......................................................................................7, 8

*Parity Networks, LLC v. Cisco Sys., Inc.*,
    No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019) .......................10, 13

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:19-cv-00432-ADA, ECF No. 101 (W.D. Tex. Jan. 31, 2020) ................................9, 14

*Parus Holdings Inc. v. Apple Inc.*,
    No. 6:19-cv-00432-ADA, ECF No. 107 (W.D. Tex. Jan. 31, 2020) ................................9, 14

*R2 Invs. LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005) ...........................................................................................7

*Reardean v. CitiMortgage, Inc.*,
    No. A-11-CA-420-SS, 2011 WL 3268307 (W.D. Tex. July 25, 2011) .................................7

*Samsung Elecs. Am., Inc. v. Yang Kun Chung*,
    No. 3:15-CV-4108-L, 2020 WL 730522 (N.D. Tex. Feb. 13, 2020) ....................................8

*VLSI Tech., LLC v. Intel Corp.*,
    No. 6:19-CV-000254-ADA, ECF No. 52 (W.D. Tex. Aug. 6, 2019) ................................9, 14

*Walker v. Beaumont Indep. Sch. Dist.*,
    938 F.3d 724 (5th Cir. 2019) ........................................................................................2, 7

**STATUTES**

35 U.S.C. § 271 ................................................................................................................5, 9

35 U.S.C. § 285 ...................................................................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ........................................................................................................1, 2, 7

Fed. R. Evid. 201 ...........................................................................................................7, 8

## I.     INTRODUCTION

This case should never have been filed, and under Federal Circuit precedent it must now be dismissed.

In 2016, Theta IP, LLC ("Theta") sued Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") on the parent patents of the patents now in suit.  In the middle of expert discovery, Theta abruptly abandoned the case, granted Samsung a covenant not to sue, and dismissed all of its claims with prejudice.  Now, Theta hopes to start the litigation anew with three continuation patents, but the law does not permit such serial litigation.  Under the doctrines of legal estoppel and implied license, where "continuations issue from parent patents that previously have been licensed as to certain products, it may be presumed that, absent a clear indication of mutual intent to the contrary, those products are impliedly licensed under the continuations as well."  *General Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1361 (Fed. Cir. 2011).  To derogate from the rule, the parties must "make such intent clear in the license."  *Cheetah Omni LLC v. AT&T Servs., Inc.*, 949 F.3d 691, 696 (Fed. Cir. 2020) (quoting *Gen. Protecht*, 651 F.3d at 1361).  The license here is a matter of record, filed on the assignment docket at the Patent Office, and contains no such reservation.  As a result, Theta cannot state a claim for relief, and the case should be dismissed under Fed. R. Civ. P. 12(b)(6).

Moreover, even if Theta is offered a second bite at the infringement apple, it must still conform to this Court's pleading requirements.  Theta's Complaint does not plead facts sufficient to plausibly allege the scienter necessary to support allegations of indirect infringement or willfulness, relying solely on Samsung's prior knowledge of the parent patents.  Theta's direct infringement claim fares no better, having failed to identify how Samsung performs the claimed methods.

## II.    STATEMENT OF FACTS

### A.    Theta's Prior Litigation Against Samsung and Covenant Not to Sue

On May 18, 2016, Theta filed suit against Samsung in the Eastern District of Texas, alleging infringement by Samsung of U.S. Pat. Nos. 7,010,330 and 9,331,728.  *See* No. 2:16-cv-00527-JRG-RSP (the "E.D. Tex. Litigation") ECF No. 1 ("E.D. Tex. Compl.") ¶ 1 (May 18, 2016)[1]; *see also* ECF No. 1 ("Compl.") ¶¶ 84, 106, 128.  As Theta noted at the time, both the '330 and '728 patents "are based on inventions of Yannis Tsividis."  E.D. Tex. Compl. ¶ 1.  Theta described Dr. Tsividis's inventions, as "claimed in the '330 and '728 patents," as "employ[ing] a process called dynamic control of power dissipation to vary the power dissipation in a wireless handheld device, thereby reducing power waste and increasing battery life."  *Id.* ¶ 15.  Theta's Complaint in the E.D. Tex. Litigation accused Samsung's "wireless handheld devices, including but not limited to the Samsung Epic 4G, Galaxy S III, Galaxy S4, Galaxy S5, Galaxy S6, and Galaxy S7 product lines" of infringing the '330 and '728 patents.  *Id.* ¶¶ 19, 23.

Samsung answered Theta's E.D. Tex. Complaint and asserted several counterclaims.  *See* E.D. Tex. Litig. ECF No. 52 ¶¶ 39-74 (Mar. 7, 2017) (Samsung's First Amended Answer, Affirmative Defenses, and Counterclaims).  Among other things, Samsung requested "[a] judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Samsung its attorneys' fees and prejudgment interest, and an award to Samsung of all of their costs of [the E.D. Tex. Litigation]."  *Id.* at 14 Prayer for Relief ¶ D.

---

[1] Under Fifth Circuit law, the Court may consider on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken."  *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).  As discussed more fully below, the pleadings in the E.D. Tex. Litigation and filings in the Patent Office qualify under the rule.

Following approximately 16 months of litigation in the Eastern District, and in the midst of expert depositions (*see* E.D. Tex. Litig. ECF No. 107 (Aug. 17, 2017) (Amended Docket Control Order)), Theta ultimately determined that it "no longer desire[d] to enforce either the '330 Patent or the '728 Patent against Samsung" and granted Samsung a covenant not to sue, which was subsequently filed with the Patent Office.  Theta IP, LLC Covenant Not to Sue, USPTO Assignment Search Reel/Frame No. 044047/0251 at 0253 (Sept. 18, 2017) (the "Theta CNS").  Pursuant to the Theta CNS, Theta "unconditionally covenant[ed] not to sue Samsung for direct, induced or contributory infringement under any claim of the '330 or '728 Patents based upon Samsung's manufacture, use, sale, offer of sale, or importation . . . on, before, or after the Covenant Date," as to all "Samsung Accused Product[s]."  *Id.* ¶ 2.  "Samsung Accused Product" is defined as "any Samsung wireless handheld device" and "include[s], but [is] not limited to, the Samsung Epic 4G, Galaxy S III, Galaxy S4, Galaxy S5, Galaxy S6 and Galaxy S7 smartphone product lines."  *Id.* ¶ 1.  The Theta CNS did not include a reservation of rights with respect to other claims that might issue off the same specification by way of continuation patents or otherwise.  *See generally id.*  Samsung promptly recorded the Theta CNS in the U.S. Patent & Trademark Office's Patent Assignment Search Database on September 28, 2017.  *See* Ex. 1.[2]

Shortly after executing the Theta CNS, the parties filed a Joint Motion to Dismiss, which provided that Theta's claims against Samsung were dismissed with prejudice; that Samsung's claims against Theta were dismissed without prejudice; "and that each party shall bear its own costs and fees."  E.D. Tex. Litig. ECF No. 110 (Sept. 21, 2017).  The Court entered an Order of Dismissal the next day and closed the case.  *See* E.D. Tex. Litig. ECF No. 111 (Sept. 22, 2017).

---

[2] The Theta CNS is attached for the Court's convenience.  The Theta CNS may also be retrieved from the USPTO's assignment database by any interested member of the public at this hyperlink:  http://legacy-assignments.uspto.gov/assignments/assignment-pat-44047-251.pdf.

**B.** **The Patents-in-Suit and the Current Litigation**

Having obtained dismissal of the case and a waiver of Samsung's claim for fees, Theta went back to the Patent Office to mine the same specification for more claims. Theta obtained three more patents based on the same specification and priority claim: U.S. Patent Nos. 9,838,962 ('962 patent), 10,129,825 ('825 patent), and 10,524,202 ('202 patent). *See* Compl. Exs. A-C. The applications for the '962 and '825 patents were filed ten months into the E.D. Tex. Litigation (Mar. 24, 2016), and the application for the '202 patent was filed two months after completion of that litigation (Nov. 28, 2017). *See id.* The '330 and '728 patents asserted by Theta in the E.D. Tex. Litigation are either parent ('962 and '825) or grandparent ('202) patents of the three Patents-in-Suit. *See id.* ¶¶ 84, 106, 128, Exs. A-C. As such, each of the Patents-in-Suit shares a common specification with the earlier-asserted '330 and '728 patents from the E.D. Tex. Litigation. *Compare* Compl. Exs. A-C *with* E.D. Tex. Compl. Exs. A-B. The figure below shows the relationships among the patents:



Theta filed its Complaint in this action on February 28, 2020, describing Dr. Tsividis's inventions in a substantially identical fashion to Theta's allegations in the E.D. Tex. Litigation:

> The Patents in Suit claim various implementations of Prof. Tsividis's inventions. By way of example, the Patents in Suit teach that . . . . [b]y varying a bias current and/or an impedance, power dissipation is lowered relative to a worst-case condition. . . .  Optimizing power consumption of the phone's cellular receiver, therefore, offers a significant improvement in a mobile device's power consumption and attendant battery life across a wide array of usage scenarios. . . . By determining the signal levels of desired and interferer signals, it is possible to tune the operational characteristics of the components within a receiver's signal path to optimize the receiver's power consumption—with an attendant improvement to battery life.

*Id.* ¶¶ 35, 37-38.  The Samsung products that Theta accuses in this case of infringing the Patents-in-Suit are again "Samsung wireless handheld devices"—just as Theta accused in the E.D. Tex. Litigation—"includ[ing] at least the following families of products: ***Samsung Galaxy Epic 4G, Samsung Galaxy S III, Samsung Galaxy S4, Samsung Galaxy S5, Samsung Galaxy S6, Samsung Galaxy S7***, Samsung Galaxy S8, Samsung Galaxy S9, Samsung Galaxy S10, Samsung Galaxy Note5, Samsung Galaxy Note8, Samsung Galaxy Note9, and Samsung Galaxy Note10 families."  *See* Theta CNS ¶ 1; *Compl.* ¶ 58 (emphasis showing products identified in both complaints; remaining models introduced by Samsung after institution of E.D. Tex. Litigation).

Theta's Complaint includes allegations of both direct infringement under 35 U.S.C. § 271(a) (Compl. ¶¶ 80, 102, 125) and induced and contributory infringement under 35 U.S.C. § 271(b) & (c) (*id.* ¶¶ 81-83, 103-05, 126-28).

Theta's allegations of indirect infringement—beyond a bare recitation of the elements of induced and contributory infringement at the paragraphs cited immediately above—are limited to the conclusory statements, made on information and belief, that "Samsung was aware of the issued claims and that Samsung's Infringing Products infringed one or more of the issued claims. Thus, Samsung had a specific reason to know of the [Patents-in-Suit] and to believe that it

infringed one or more of [their] claims." *Id.* ¶¶ 86, 108, 130. Theta further summarily pleads that Samsung's alleged infringement of each of the Patents-in-Suit "has been and continues to be deliberate and willful." *Id.* ¶¶ 87, 109, 131.

Theta has no proof of scienter and tries to fill the gap with three allegations. First, Theta cites to the prior E.D. Tex. Litigation in which "Theta sued Samsung for infringement of two parent [or "(grand)parent"] patents of" each of the Patents-in-Suit. *Id.* ¶ 84, 106, 128. Second, Theta alleges that "Samsung was also aware of" each of the Patents-in-Suit because those patents' "parent [or "(grand)parent"] was cited as prior art during the prosecution of a patent applications [*sic*] filed by Samsung in the Korean Patent Office . . . and the United States Patent Office." *Id.* ¶¶ 85, 107, 129. Finally, as to the '202 patent alone, Theta alleges that "Samsung became aware of the specific application of claims of the '202 patent to its products at least as of this Complaint." *Id.* ¶ 128. Other than allegations on information and belief, Theta's Complaint cites to no evidence that Samsung was actually aware of any of the three Patents-in-Suit before Theta filed this lawsuit, or that Samsung actually believed (or believes) its actions to infringe any of the Patents-in-Suit. *See generally id.*

With respect to Theta's allegations of direct infringement, Theta's Complaint alleges that the "Accused Products" manufactured by Samsung "infringe at least claim 1" of the '962 and '825 patents, and "at least claim 2 (and claim 1 from which it depends)" of the '202 patent. *See id.* ¶¶ 68, 91, 113. Although all claims in the Patents-in-Suit are method claims, there is not a single allegation as to when or how Samsung might have performed the alleged methods.

## III.    LEGAL STANDARDS

### A.    Motions to Dismiss

"To survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *De La Vega v.*

*Microsoft Corp.*, No. W-19-00612-ADA, ECF No. 29 at 3 (W.D. Tex. Feb. 11, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (dismissing with prejudice patentee's claims for direct and indirect infringement). A complaint's allegations are "plausible" only if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts need not "accept as true a legal conclusion couched as a factual allegation." *Id.* To that end, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (alteration in original). In assessing a complaint's sufficiency under Rule 12(b)(6), "every element of each cause of action must be supported by specific factual allegations." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *1 (W.D. Tex. July 25, 2011).

In ruling on a motion to dismiss, "the factual information to which the court addresses its inquiry is limited to the (1) facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007), *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 639 n.2 (5th Cir. 2005)). "The court may judicially notice a fact that is not subject to reasonable dispute because it [. . .] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2). "Judicial notice may be taken of matters of public record." *Walker*, 938 F.3d at 735 (citing *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 558 n.2 (5th Cir. 2018)).

Federal courts in this Circuit frequently take judicial notice of pleadings filed in related cases. *See, e.g.*, *Ayati-Ghaffari v. JP Morgan Chase Bank, N.A.*, No. 4:18-CV-483-ALM-CAN,

2019 WL 1550141, at *4 (E.D. Tex. Feb. 10, 2019) ("In determining a motion to dismiss, it is appropriate and the Court may take judicial notice of related pleadings and orders in prior actions.") (citing *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013)).  Similarly, courts in the Fifth Circuit commonly take judicial notice of documents filed with the USPTO. *See, e.g.*, *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-L, 2020 WL 730522, at *3 (N.D. Tex. Feb. 13, 2020) ("Samsung has provided the court with the USPTO registration records concerning the marks at issue. . . .  The court will grant Samsung's request for the court to take judicial notice of matters of public record under Federal Rule of Evidence 201, specifically the [registered marks], together with the ownership and trademark specifications contained therein."); *Jefferson St. Holdings Intellectual Prop. LLC v. Tech 21 UK Ltd.*, No. 5:18-CV-806-DAE, 2019 WL 5795667, at *1 n.4 (W.D. Tex. June 10, 2019) ("Pursuant to Federal Rule of Evidence 201(b)(2), the Court takes judicial notice of this recordation with the PTO, as a matter of public record.") (citing *Norris*, 500 F.3d at 461 n.9).

### B.    Legal Estoppel and Implied License

"Legal estoppel prevents licensors from derogating or detracting from definable license rights granted to licensees for valuable consideration."  *Cheetah Omni LLC v. AT&T Servs., Inc.*, 949 F.3d 691, 695 (Fed. Cir. 2020) (citing *AMP Inc. v. United States*, 389 F.2d 448, 452 (Ct. Cl. 1968)).  The Federal Circuit has held that "where . . . continuations issue from parent patents that previously have been licensed as to certain products, it may be presumed that, absent a clear indication of mutual intent to the contrary, those products are impliedly licensed under the continuations as well."  *General Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1361 (Fed. Cir. 2011).  Similarly, if a licensor "[does] not intend its license 'to extend to claims presented in continuation patents, it ha[s] an obligation to make that clear.'  The expectation is properly placed on the patent owner . . . to specifically carve out continuation

patents that it intended to exclude." *Cheetah*, 949 F.3d at 696 (quoting *Gen. Protecht*, 651 F.3d at 1361). Parties may "contract around the presumption of an implied license if it [does] not 'reflect their intentions' but . . . it [is] the parties' burden to 'make such intent clear in the license.'" *Cheetah*, 949 F.3d at 696 (quoting *Gen. Protecht*, 651 F.3d at 1361).

###   C.   Indirect Infringement and Willfulness

Although direct infringement under 35 U.S.C. § 271(a) is a strict liability offense, a patentee seeking to prove that an infringer has either induced or contributed to a third party's direct infringement under 35 U.S.C. § 271(b) or (c) must show that the accused indirect infringer had both "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015). Indeed, "[a]bsence of knowledge is a fatal flaw in a claim for indirect patent infringement." *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011). A claim for indirect infringement that "simply recites the legal conclusion that Defendants acted with specific intent" or generally alleges that a defendant broadly acted to "urge, instruct, [and/or] encourage" infringement is insufficient. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015). This Court has repeatedly applied these principles to dismiss defective allegations of scienter. *See VLSI Tech., LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, ECF No. 52, at 2-3 (W.D. Tex. Aug. 6, 2019); *Intellectual Ventures I LLC v. VMware, Inc.*, No. 1:19-cv-01075-ADA, ECF Text Entry (W.D. Tex. Feb. 20, 2020); *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, ECF No. 101 (W.D. Tex. Jan. 31, 2020). *See also Parus Holdings*, No. 6:19-cv-00432-ADA, ECF No. 107 (Jan. 31, 2020 Hrg. Tr.) at 13:20-25, 46:24-47:15 (dismissing indirect infringement claims).

The fact that a patentee "sued [a defendant] in separate suits for infringing its similar patents," without more, will not support a plausible allegation of awareness sufficient to

maintain a claim for indirect infringement.  *Affinity Labs of Tex., LLC v. Toyota Motor N. Am., Inc.*, No. W:13-CV-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014).  Similarly, a "defendant's awareness of a plaintiff['s] patent portfolio is not enough to support a willful blindness claim to defeat a motion to dismiss," as "[t]here is simply no indication that constructive notice is meant to embrace the hundreds, if not thousands, of listed patents that would be generated in many cases based on the listing of a patent on the face of another patent." *Id.* (internal citations and quotations omitted); *see also Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-CV-309-LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018) (an "allegation of actual notice stemming from [defendant's] prosecution activity is too attenuated to plausibly infer that [defendant] had pre-suit knowledge of the Asserted Patents").

As to willfulness, a patentee may prove a defendant's willful infringement only via a showing of "[t]he sort of conduct . . . variously described . . . as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016).  "To state a claim for willful infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (internal quotation omitted).

### D.    Direct Infringement

"A method claim is *directly* infringed only by one practicing the patented method." *Joy Techs., Inc. v. Flakt, Inc.*, 6 F.3d 770, 775 (Fed. Cir. 1993) (emphasis in original).  In other words, "[t]o infringe a method claim, a *person* must have practiced all steps of the claimed method." *Lucent Techs., Inc. v. Gateway, Inc.*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) (emphasis

added).  More specifically, "to prove direct infringement the patentee must show 'each and every step of the method or process was performed' by either the accused infringer personally or 'through another acting under [the accused infringer's] direction or control.'"  *Ericsson, Inc. v. D-Link Sys., Inc.*, 773 F.3d 1201, 1221 (Fed. Cir. 2014) (quoting *Aristocrat Techs. Austl. PTY Ltd. v. Int'l Game Tech.*, 709 F.3d 1348, 1362 (Fed. Cir. 2013) (brackets in original)).

In contrast, "a method claim is not directly infringed by the sale of an apparatus even though it is capable of performing only the patented method.  The sale of the apparatus is not a sale of the method."  *Joy Techs.*, 6 F.3d at 774-75.

## IV.   ARGUMENT

Theta's Complaint should be dismissed with prejudice under the doctrines of legal estoppel and implied license.  The Theta CNS granted Samsung the right to practice the '330 and '728 patents, and under the law, Theta bears the burden of showing that it reserved the right to sue Samsung on continuation patents issuing off the same specification.  There is no such reservation in the Theta CNS, and therefore, Theta's infringement claims are barred as a matter of law.  Moreover, Theta's Complaint should be dismissed for the independent reason that it does not plead facts sufficient to support its claims for indirect, willful, or direct infringement.

### A.   The Theta CNS Grants Samsung an Implied License to the Patents-in-Suit and Thus Legally Estops Theta from Suing Samsung for Infringement

In the Theta CNS, Theta "unconditionally covenant[ed] not to sue Samsung for direct, induced or contributory infringement under any claim of the '330 or '728 Patents" with respect to "any Samsung wireless handheld device," for alleged acts of infringement occurring "on, before, or after the Covenant Date."  Theta CNS at 0253 ¶¶ 1, 2.  The Patents-in-Suit are continuations of Theta's previously-asserted '330 and '728 patents with identical patent specifications.  *Compare* Compl. Exs. A-C *with* E.D. Tex. Compl. Exs. A-B.  Theta accuses the

same product family (i.e., Samsung's wireless handsets) of infringing both the earlier-asserted patents and the current Patents-in-Suit.  *Compare* Compl. ¶ 58 *with* E.D. Tex. Compl. ¶¶ 19, 23.

As a matter of law, the Federal Circuit has placed the burden on Theta to establish that it reserved the right to sue on continuation patents.  In *General Protecht*, the Court held that "where . . . continuations issue from parent patents that previously have been licensed as to certain products, it may be presumed that . . . those products are impliedly licensed under the continuations as well."  *Gen. Protecht*, 651 F.3d at 1361.  In *Cheetah*, the Federal Circuit expanded on that obligation, holding that a patent holder who wants to preserve the right to a second suit "ha[s] an obligation to make that clear.'  The expectation is properly placed on the patent owner . . . to specifically carve out continuation patents that it intended to exclude."  *Cheetah*, 949 F.3d at 696 (quoting *Gen. Protecht*, 651 F.3d at 1361).  In addition, to avoid any ambiguity, that intent must be recorded in the license:  "it [is] the parties' burden to 'make such intent clear *in the license*.'"  *Cheetah*, 949 F.3d at 696 (quoting *Gen. Protecht*, 651 F.3d at 1361) (emphasis added).

The Federal Circuit rule is a sound one.  It is easily applied and just as easily contracted around if the parties have the unusual intent to permit a later suit on a continuation patent.  Samsung obtained a dismissal of the case with prejudice and a covenant not to sue.  Because the Theta CNS is in writing and has no exclusion for continuations, this case falls squarely within the rule of *General Protecht* and *Cheetah*.  Theta's claim fails as a matter of law.

    **B.**    **Theta Has Not Alleged the Knowledge and Specific Intent to Infringe Necessary to Support Its Claims for Indirect and Willful Infringement**

Theta's claims for indirect and willful infringement fail to state claims for relief because the Complaint lacks the requisite knowledge allegations.  Theta has not set forth allegations sufficient to show that Samsung had "knowledge of the patent in suit and knowledge of patent

infringement," as required to prove induced or contributory infringement.  *Commil*, 135 S. Ct. at

1926.  Nor has Theta alleged, as required to establish willful infringement, that Samsung

"(1) knew of the patent[s]-in-suit; (2) after acquiring that knowledge, it infringed the patent[s];

and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of

the patent[s].'"  *Parity Networks*, 2019 WL 3940952 at *3.  Rather, in support of its conclusory

allegations that Samsung "was aware of" each of the three Patents-in-Suit and that Samsung "had

knowledge of the infringing nature of [Samsung's] activities, and nevertheless continues

[Samsung's] infringing activities" (Compl. ¶¶ 84, 106, 128), Theta's Complaint cites two pieces

of evidence that are legally insufficient on their face.

Second, Theta relies on the ancestor patents asserted by Theta in the prior E.D. Tex.

Litigation.  This Court has held that the fact that a patentee "sued [a defendant] in separate suits

for infringing its similar patents," cannot on its own plausibly allege the knowledge required to

support a claim for indirect infringement.  *Affinity Labs*, 2014 WL 2892285 at *6.

Second, Theta alleges that "Samsung was also aware of" each of the Patents-in-Suit

because those patents' "parent [or "(grand)parent"] was cited as prior art during the prosecution

of a patent applications [*sic*] filed by Samsung in the Korean Patent Office . . . and the United

States Patent Office."  Compl. ¶¶ 85, 107, 129.  But as this Court has noted, an "allegation of

actual notice stemming from [defendant's] prosecution activity is too attenuated to plausibly

infer that [defendant] had pre-suit knowledge of the Asserted Patents."  *Meetrix*, 2018 WL

8261315 at *2.  Here, Theta does not even allege knowledge of the Patents-in-Suit, but of parent

patents.

Without plausible allegations of knowledge, Theta's indirect and willful infringement

allegations reduce to "simply recit[ing] the legal conclusion that [Samsung] acted with specific

13

intent." *Addiction & Detoxification*, 620 F. App'x at 938; *cf.* Compl. ¶¶ 81-83, 103-05, 126-28.

Following its usual practice, the Court should dismiss Theta's allegations of indirect and willful

infringement with leave to replead following discovery.  *See VLSI*, No. 6:19-CV-000254-ADA,

ECF No. 52, at 2-3; *Intellectual Ventures*, No. 1:19-cv-01075-ADA, ECF Text Entry (Feb. 20,

2020); *Parus Holdings*, No. 6:19-cv-00432-ADA, ECF No. 101; *Parus Holdings*, No. 6:19-cv-

00432-ADA, ECF No. 107 (Jan. 31, 2020 Hrg. Tr.) at 13:20-25, 46:24-47:15.

　　　　To the extent that Theta intends to rely on the filing of this lawsuit to satisfy knowledge

requirements (*see* Compl. ¶ 128), this Court has rejected that theory of liability.  *See Parus*

*Holdings*, No. 6:19-cv-00432-ADA, ECF No. 101; ECF No. 107 (Jan. 31, 2020 Hrg. Tr.) at

13:20-25, 46:24-47:15.  *See also, e.g.*, *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702-

XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("[K]nowledge of [plaintiff's] patent

after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect

infringement.").  Again, the Court should follow its usual practice and dismiss the indirect

infringement and willfulness allegations with leave to replead following discovery.

### C.　　Theta Has Not Alleged That Samsung Performs the Infringing Methods

　　　　The Patents-in-Suit consist solely of method claims.  *See* Compl. Exs. A-C.  It is

axiomatic that proving infringement of a method claim requires a showing that "a *person* must

have practiced all steps of the claimed method." *Lucent*, 580 F.3d at 1317 (emphasis added).  In

particular, here Theta "must show 'each and every step of the method or process was performed'

by either [Samsung] personally or 'through another acting under [Samsung's] direction or

control.'" *Ericsson*, 773 F.3d at 1221 (quoting *Aristocrat Techs.*, 709 F.3d at 1362).  But Theta

has not identified how Samsung performed the claimed methods, and accordingly, Theta's claim

for direct infringement fails as a matter of law.  Theta's Complaint merely alleges that the

accused products themselves perform claim steps but does not point to a person who is legally

14

responsible for the infringement.  *See, e.g.*, Compl. ¶¶ 69-79, 92-101, 114-24.  At best, Theta's

Complaint alleges the *capability* of those products to perform claim steps—including using the

passive voice to obscure which infringing actor, if any, purportedly executes the infringing

actions.  *See, e.g.*, *id.* ¶ 117 ("the determined signals *are compared*") (emphasis added).  That is

insufficient to establish direct infringement of a method claim because "a method claim is not

directly infringed by the sale of an apparatus even though it is capable of performing only the

patented method."  *Joy Techs.*, 6 F.3d at 774-75.  Accordingly, Theta's direct infringement claim

fails to state a claim and should be dismissed as well.

## V.    CONCLUSION

This case is ripe for disposition on the merits.  Theta granted Samsung a covenant not to

sue and then sued Samsung anyway.  The Federal Circuit has set forth a bright-line rule that

licensors must follow if they want to invoke the patent jurisdiction of the federal courts twice on

the same patent family.  Theta did not make an express reservation to sue on continuations, and

that is fatal to its Complaint.  In the alternative, the Court should dismiss Theta's allegations of

indirect and willful infringement for failure to allege the requisite knowledge, and its claim for

direct infringement for failure to identify any entity that performs all steps of the asserted method

claims.

DATED:  July 1, 2020

Respectfully submitted,

By: */s/ S. Michael Song*
       *by permission Joseph M. Abraham*
S. Michael Song
CA State Bar No. 198656
Admission *pro hac vice* pending
michael.song@dechert.com
Dechert LLP
2440 W. El Camino Real, Suite 700
Mountain View, CA 94040
(650) 813-4813

Martin J. Black
PA State Bar No. 54319
Admission *pro hac vice* pending
martin.black@dechert.com
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

Joseph M. Abraham
TX Bar No. 24088879
joseph.abraham@dechert.com
Dechert LLP
515 Congress Avenue, Suite 1400
Austin, TX 78701
(512) 394-3000

**Attorneys for Samsung Electronics Co., Ltd.**
**and Samsung Electronics America, Inc.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed and received by all counsel of record using the Court's CM/ECF system on this 1st day of July, 2020.


*By: /s/ Joseph M. Abraham*