## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| THETA IP, LLC,<br><br>       *Plaintiff*,<br><br>  v.<br><br>SAMSUNG ELECTRONICS CO., LTD., and<br>SAMSUNG ELECTRONICS AMERICA,<br>INC.,<br><br>       *Defendants.* | Civil Action No. 6:20-cv-00160-ADA<br><br><br>**JURY TRIAL DEMANDED** |

## SAMSUNG'S RENEWED MOTION TO DISMISS
## THETA'S FIRST AMENDED COMPLAINT

## **TABLE OF CONTENTS**

I.     INTRODUCTION ........................................................................................................ 1

II.    STATEMENT OF FACTS .......................................................................................... 2

    A.     Theta's Prior Litigation Against Samsung and Covenant Not to Sue .................. 2

    B.     The Patents-in-Suit and the Current Litigation.................................................... 4

III.   LEGAL STANDARDS ............................................................................................... 7

    A.     Motions to Dismiss ............................................................................................. 7

    B.     Choice of Law..................................................................................................... 9

    C.     Contractual Interpretation ................................................................................ 10

    D.     Legal Estoppel and Implied License................................................................. 10

    E.     Indirect Infringement and Willfulness .............................................................. 11

IV.    ARGUMENT ............................................................................................................ 12

    A.     The Theta CNS Grants Samsung an Implied License to the Patents-in-Suit
        and Thus Legally Estops Theta from Suing Samsung for Infringement ............. 13

    B.     Theta Has Not Alleged the Knowledge and Specific Intent to Infringe
        Necessary to Support Its Claims for Indirect and Willful Infringement.............. 15

V.     CONCLUSION.......................................................................................................... 17

## TABLE OF AUTHORITIES

<span style="font-variant: small-caps">CASES</span>

*Addiction & Detoxification Inst. L.L.C. v. Carpenter*,
    620 F. App'x 934 (Fed. Cir. 2015) ..................................................................11, 17

*Aguirre v. Powerchute Sports, LLC*,
    No. SA-10-CV-0702-XR, 2011 WL 2471299 (W.D. Tex. June 17, 2011) ...........................16

*Aguirre v. Powerchute Sports, LLC*,
    No. SA-10-CV-702-XR, 2011 WL 3359554 (W.D. Tex. Aug. 4, 2011) ...............................11

*AMP Inc. v. United States*,
    389 F.2d 448 (Ct. Cl. 1968) .........................................................................10, 14

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)........................................................................................7

*Ayati-Ghaffari v. JP Morgan Chase Bank, N.A.*,
    No. 4:18-CV-483-ALM-CAN, 2019 WL 1550141 (E.D. Tex. Feb. 10, 2019)........................8

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)........................................................................................7

*Causey v. Sewell Cadillac-Chevrolet, Inc.*,
    394 F.3d 285 (5th Cir. 2004) ............................................................................8

*Cheetah Omni LLC v. AT&T Servs., Inc.*,
    949 F.3d 691 (Fed. Cir. 2020)....................................................................... passim

*Collins v. Morgan Stanley Dean Witter*,
    224 F.3d 496 (5th Cir. 2000) ............................................................................8

*Commil USA, LLC v. Cisco Sys., Inc.*,
    135 S. Ct. 1920 (2015)...............................................................................11, 16

*De La Vega v. Microsoft Corp.*,
    No. W-19-00612-ADA, ECF No. 29 at 9 (W.D. Tex. Feb. 11, 2020)......................2, 7, 14, 16

*Diamondback Indus. v. Repeat Precision, LLC*,
    No. 6:19-CV-00034-ADA, 2019 WL 8501017 (W.D. Tex. Sept. 11, 2019) ..................10, 14

*Duncan v. Cessna Aircraft Co.*,
    665 S.W.2d 414 (Tex. 1984)...............................................................................9

*Firefighters' Ret. Sys. v. EisnerAmper L.L.P.*,
    898 F.3d 553 (5th Cir. 2018) ............................................................................8

*Gen. Protecht Grp., Inc. v. Leviton Mfg. Co.*,
   651 F.3d 1355 (Fed. Cir. 2011)..................................................................1, 10, 13, 14

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
   136 S. Ct. 1923 (2016) ...........................................................................................12

*In re Katrina Canal Breaches Litig.*,
   495 F.3d 191 (Fed. Cir. 2007)..............................................................................4, 8

*Intellectual Ventures I LLC v. VMware, Inc.*,
   No. 1:19-cv-01075-ADA ...................................................................................11, 17

*Jefferson St. Holdings Intellectual Prop. LLC v. Tech 21 UK Ltd.*,
   No. 5:18-CV-806-DAE, 2019 WL 5795667 (W.D. Tex. June 10, 2019)..................9

*Klaxon Co. v. Stentor Elec. Mfg. Co.*,
   313 U.S. 487 (1941)................................................................................................9

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   No. 1:18-CV-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ...........12, 17

*Meyers v. Textron, Inc.*,
   540 F. App'x 408 (5th Cir. 2013) ...........................................................................8

*Nat'l Union Fire Ins. v. CBI Indus.*,
   907 S.W.2d 517 (Tex. 1995)............................................................................10, 14

*Norris v. Hearst Trust*,
   500 F.3d 454 (5th Cir. 2007) ...............................................................................8, 9

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   No. 6:19-cv-00207-ADA, 2019 WL 3940952 (W.D. Tex. July 26, 2019).......12, 16

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-00432-ADA, ECF No. 101 (W.D. Tex. Jan. 31, 2020) ..........12, 16, 17

*Parus Holdings Inc. v. Apple Inc.*,
   No. 6:19-cv-00432-ADA, ECF No. 107 (W.D. Tex. Jan. 31, 2020) ..........12, 16, 17

*R2 Invs. LDC v. Phillips*,
   401 F.3d 638 (5th Cir. 2005) ..................................................................................8

*Reardean v. CitiMortgage, Inc.*,
   No. A-11-CA-420-SS, 2011 WL 3268307 (W.D. Tex. July 25, 2011) ....................7

*Samsung Elecs. Am., Inc. v. Yang Kun Chung*,
   No. 3:15-CV-4108-L, 2020 WL 730522 (N.D. Tex. Feb. 13, 2020)........................9

*TransCore, LP v. Elec. Transaction Consultants Corp.*,
  563 F.3d 1271 (Fed. Cir. 2009).................................................................................15

*VLSI Tech., LLC v. Intel Corp.*,
  No. 6:19-CV-000254-ADA, ECF No. 52, at 2-3 (W.D. Tex. Aug. 6, 2019) ...................11, 17

*Walker v. Beaumont Indep. Sch. Dist.*,
  938 F.3d 724 (5th Cir. 2019) ............................................................................2, 8

STATUTES

35 U.S.C. § 271 ...........................................................................................6, 11

35 U.S.C. § 285 ..............................................................................................3

OTHER AUTHORITIES

Fed. R. Civ. P. 12..........................................................................................1, 2, 7

Fed. R. Evid. 201 ...........................................................................................8, 9

Following Theta IP, LLC's ("Theta") filing of its First Amended Complaint, Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively "Samsung") now renew their motion to dismiss.

## I.   INTRODUCTION

This case should never have been filed, and under Federal Circuit precedent it must now be dismissed.  Given that Theta has had an opportunity to amend and failed to cure the defects in its claims, the Court should dismiss with prejudice.

In 2016, Theta sued Samsung on the parent patents of the patents now in suit.  In the middle of expert discovery, Theta abruptly abandoned the case, granted Samsung a covenant not to sue, and dismissed all of its claims with prejudice.  Now, Theta hopes to start the litigation anew with three continuation patents, but the law does not permit such serial litigation.  Under the doctrines of legal estoppel and implied license, where "continuations issue from parent patents that previously have been licensed as to certain products, it may be presumed that, absent a clear indication of mutual intent to the contrary, those products are impliedly licensed under the continuations as well."  *General Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1361 (Fed. Cir. 2011).  To deviate from the rule, the parties must "make such intent clear in the license." *Cheetah Omni LLC v. AT&T Servs., Inc.*, 949 F.3d 691, 696 (Fed. Cir. 2020) (quoting *Gen. Protecht*, 651 F.3d at 1361).  The license here is a matter of record, filed on the assignment docket at the Patent Office, and contains no such reservation.  As a result, Theta cannot state a claim for relief, and the case should be dismissed under Fed. R. Civ. P. 12(b)(6).

Moreover, even if Theta is offered a second bite at the infringement apple, it must still conform to this Court's pleading requirements.  Theta's Amended Complaint does not plausibly allege the scienter necessary to support allegations of indirect infringement or

willfulness.  Knowledge of patent applications, rather than patents in suit, is insufficient, as are isolated citations to the asserted patents during Korean prosecution activities.[1]

## II.   STATEMENT OF FACTS

### A.   Theta's Prior Litigation Against Samsung and Covenant Not to Sue

On May 18, 2016, Theta filed suit against Samsung in the Eastern District of Texas, alleging infringement by Samsung of U.S. Pat. Nos. 7,010,330 and 9,331,728.  *See* No. 2:16-cv-00527-JRG-RSP (the "E.D. Tex. Litigation") ECF No. 1 ("E.D. Tex. Compl.") ¶ 1 (May 18, 2016)[2]; *see also* ECF No. 18 ("Am. Compl.") ¶ 50.  As Theta noted at the time, both the '330 and '728 patents "are based on inventions of Yannis Tsividis."  E.D. Tex. Compl. ¶ 1.  Theta described Dr. Tsividis's inventions, as "claimed in the '330 and '728 patents," as "employ[ing] a process called dynamic control of power dissipation to vary the power dissipation in a wireless handheld device, thereby reducing power waste and increasing battery life."  *Id.* ¶ 15.  Theta's Complaint in the E.D. Tex. Litigation accused Samsung's "wireless handheld devices, including

---

[1] Samsung moved to dismiss Theta's allegations of direct infringement in its initial Complaint because Theta asserts only method claims, and Theta failed to allege how Samsung performs the methods.  *See* ECF No. 14 at 14-15.  Theta now alleges, e.g., that Samsung directly infringes the methods claimed in the Patents-in-Suit through the actions of "Samsung personnel (including its employees and agents) . . . when Samsung personnel design, test, or use the Accused Devices" "in the ordinary course of their business."  Am. Compl. ¶¶ 22, 25; *see also id.* ¶¶ 94, 118, 142.  This Court has previously noted the limited damages viability of an infringement case based on testing.  *See, e.g.*, *De La Vega v. Microsoft Corp.*, No. W-19-00612-ADA, ECF No. 29 at 9 n.7 (W.D. Tex. Feb. 11, 2020) ("Even if Plaintiff properly alleged that [Defendants] performed all the steps of claim 1 during testing, the Court is puzzled how such a narrowly-tailored lawsuit could support a broad—let alone a financially justifiable—claim for damages.").

[2] Under Fifth Circuit law, the Court may consider on a motion to dismiss under Fed. R. Civ. P. 12(b)(6) "(1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken."  *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).  As discussed more fully below, the pleadings in the E.D. Tex. Litigation and filings in the Patent Office qualify under the rule.

but not limited to the Samsung Epic 4G, Galaxy S III, Galaxy S4, Galaxy S5, Galaxy S6, and Galaxy S7 product lines," of infringing the '330 and '728 patents.  *Id.* ¶¶ 19, 23.

Samsung answered Theta's E.D. Tex. Complaint and asserted several counterclaims.  *See* E.D. Tex. Litig. ECF No. 52 ¶¶ 39-74 (Mar. 7, 2017) (Samsung's First Amended Answer, Affirmative Defenses, and Counterclaims); *see also* Am. Compl. ¶ 52.  Among other things, Samsung requested "[a] judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Samsung its attorneys' fees and prejudgment interest, and an award to Samsung of all of their costs of [the E.D. Tex. Litigation]."  E.D. Tex. Litig. ECF No. 52 at 14 ¶ D.

Following 16 months of litigation in the Eastern District, and in the midst of expert depositions (*see* E.D. Tex. Litig. ECF No. 107 (Aug. 17, 2017) (Amended Docket Control Order)), Theta decided it "no longer desire[d] to enforce either the '330 Patent or the '728 Patent against Samsung" and granted Samsung a covenant not to sue.  Theta IP, LLC Covenant Not to Sue, USPTO Assignment Search Reel/Frame No. 044047/0251 at 0253 (Sept. 18, 2017) (the "Theta CNS")[3]; *see also* Am. Compl. ¶ 53.  In the Theta CNS, Theta "unconditionally covenant[ed] not to sue Samsung for direct, induced or contributory infringement under any claim of the '330 or '728 Patents based upon Samsung's manufacture, use, sale, offer of sale, or importation . . . on, before, or after the Covenant Date," as to all "Samsung Accused Product[s]."  Theta CNS ¶ 2.  "Samsung Accused Product" is defined as "any Samsung wireless handheld device" and "include[s], but [is] not limited to, the Samsung Epic 4G, Galaxy S III, Galaxy S4, Galaxy S5, Galaxy S6 and Galaxy S7 smartphone product lines."  *Id.* ¶ 1.

---

[3] A copy of the CNS is attached as Exhibit 1 and is a matter of public record on the PTO website where it was formally recorded:  http://legacy-assignments.uspto.gov/assignments/assignment-pat-44047-251.pdf.

Theta alleges that after granting the covenant, the parties engaged in discussions regarding an amendment. *See* Am. Compl. ¶¶ 56-57. Theta alleges that Samsung and Theta discussed continuation patents, but does not allege that Theta obtained a written agreement reserving its right to sue on continuations. *See id.* ¶ 57. Theta alleges only that it stated that it would not "execute a covenant not to sue that extends beyond the '330 and '728 patents-in-suit." *Id*. In fact, there is no reservation of rights in either the September 18 or September 21 versions of the CNS. *See* Exs. A-B hereto.[4]

On September 21, 2017, the parties also agreed to file a Joint Motion to Dismiss, which provided that Theta's claims against Samsung were dismissed with prejudice; that Samsung's claims against Theta were dismissed without prejudice; "and that each party shall bear its own costs and fees." E.D. Tex. Litig. ECF No. 110 (Sept. 21, 2017). The Court entered an Order of Dismissal the next day and closed the case. *See* E.D. Tex. Litig. ECF No. 111 (Sept. 22, 2017).

B.      **The Patents-in-Suit and the Current Litigation**

Having obtained dismissal of the case and a waiver of Samsung's claim for fees, Theta went back to the Patent Office to mine the same specification for more claims. Theta obtained three more patents based on the same specification and priority claim: U.S. Patent Nos. 9,838,962 ('962 patent), 10,129,825 ('825 patent), and 10,524,202 ('202 patent). *See* Am. Compl. Exs. A-C. The applications for the '962 and '825 patents were filed on March 24, 2016, and the application for the '202 patent was filed on November 28, 2017. *See id.* Each of the

---

[4] Samsung agrees that "[t]he only difference between the [September 18 Theta CNS], and the second covenant not to sue dated September 21, 2017 is the inclusion of Samsung affiliates and Theta affiliates and successors." Am. Compl. ¶ 58. A copy of the September 21 covenant is attached as Exhibit 2. The Court may consider the September 21 covenant on this Rule 12 motion, as it is "attached . . . to [Samsung's] motion[] to dismiss, . . . referred to in [Theta's] complaint[], and . . . central to [Theta's] claims." *In re Katrina Canal Breaches Litig.,* 495 F.3d 191, 205 (Fed. Cir. 2007).

Patents-in-Suit issued following the September 2017 execution of the Theta CNS and dismissal of the E.D. Tex. Litigation:  The '962 patent issued on December 5, 2017; the '825 patent issued on November 13, 2018; and the '202 patent issued on December 31, 2019.  *See id.*; Am. Compl. ¶¶ 41, 44, 46.

The '330 and '728 patents asserted by Theta in the E.D. Tex. Litigation are either parent ('962 and '825) or grandparent ('202) patents of the three Patents-in-Suit.  *See id.* ¶ 50, Exs. A-C.  As such, each of the Patents-in-Suit shares a common specification with the earlier-asserted '330 and '728 patents from the E.D. Tex. Litigation.  *Compare* Am. Compl. Exs. A-C *with* E.D. Tex. Compl. Exs. A-B.  The figure below shows the relationships among the patents:



Theta filed its initial Complaint in this action on February 28, 2020, followed by its First Amended Complaint on July 15, 2020.  *See generally* ECF No. 1, Am. Compl.  Both pleadings

describe Dr. Tsividis's inventions in a substantially identical fashion to Theta's allegations in the

E.D. Tex. Litigation:

> The Patents in Suit claim various implementations of Prof.
> Tsividis's inventions.  By way of example, the Patents in Suit
> teach that . . . . [b]y varying a bias current and/or an impedance,
> power dissipation is lowered relative to a worst-case condition. . . .
> Optimizing power consumption of the phone's cellular receiver,
> therefore, offers a significant improvement in a mobile device's
> power consumption and attendant battery life across a wide array
> of usage scenarios. . . .  By determining the signal levels of desired
> and interferer signals, it is possible to tune the operational
> characteristics of the components within a receiver's signal path to
> optimize the receiver's power consumption—with an attendant
> improvement to battery life.

Am. Compl. ¶¶ 37, 39-40.  The Samsung products that Theta accuses in this case of infringing

the Patents-in-Suit are again "Samsung wireless handheld devices"—just as Theta accused in the

E.D. Tex. Litigation—"includ[ing] at least the following families of products: ***Samsung Galaxy***

***Epic 4G, Samsung Galaxy S III, Samsung Galaxy S4, Samsung Galaxy S5, Samsung Galaxy***

***S6, Samsung Galaxy S7***, Samsung Galaxy S8, Samsung Galaxy S9, Samsung Galaxy S10,

Samsung Galaxy S20, Samsung Galaxy Note5, Samsung Galaxy Note8, Samsung Galaxy Note9,

and Samsung Galaxy Note10 families."  Theta CNS ¶ 1; Am. Compl. ¶ 72 (emphasis showing

products identified in both complaints; remaining models introduced by Samsung after

institution of E.D. Tex. Litigation).

Theta's Complaint includes allegations of both direct infringement under 35 U.S.C.

§ 271(a) (Am. Compl. ¶¶ 94, 118, 142) and induced and contributory infringement under 35

U.S.C. § 271(b) & (c) (*id.* ¶¶ 95-97, 119-21, 143-45).  Theta further summarily pleads that

Samsung's alleged infringement of each of the Patents-in-Suit "has been and continues to be

deliberate and willful."  *Id.* ¶¶ 102, 126, 150.

For direct infringement, Theta relies on the alleged design, testing, and use of Samsung handsets by Samsung personnel. *See id.* ¶¶ 22, 25, 94, 118, 142.

For indirect infringement and willfulness, Theta makes three scienter allegations: (1) an "upon information and belief" allegation that Samsung and its counsel "followed the progression of the applications for the Patents-in-Suit, including the issuance thereof" (*id.* ¶ 60; *see also id.* ¶¶ 98, 122, 146); (2) that Samsung had knowledge from the date of this suit (*see id.* ¶¶ 98, 122, 146); and (3) that the patents were cited as prior art in the Korean prosecution of Samsung patents (*see id.* ¶¶ 99, 123, 147).

## III.   LEGAL STANDARDS

### A.   Motions to Dismiss

"To survive a motion to dismiss, 'a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."'" *De La Vega v. Microsoft Corp.*, No. W-19-00612-ADA, ECF No. 29 at 3 (W.D. Tex. Feb. 11, 2020) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (dismissing with prejudice patentee's claims for direct and indirect infringement). A complaint's allegations are "plausible" only if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Courts need not "accept as true a legal conclusion couched as a factual allegation." *Id.* To that end, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (alteration in original). In assessing a complaint's sufficiency under Rule 12(b)(6), "every element of each cause of action must be supported by specific factual allegations." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *1 (W.D. Tex. July 25, 2011).

In ruling on a motion to dismiss, "the factual information to which the court addresses its inquiry is limited to the (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019) (citing *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007), *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 639 n.2 (5th Cir. 2005)).  In addition, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (Fed. Cir. 2007) ("[B]ecause the defendants attached the contracts to their motions to dismiss, the contracts were referred to in the complaints, and the contracts are central to the plaintiffs' claims, we may consider the terms of the contracts in assessing the motions to dismiss").

Furthermore, "[t]he court may judicially notice a fact that is not subject to reasonable dispute because it [. . .] can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(2).  "Judicial notice may be taken of matters of public record." *Walker*, 938 F.3d at 735 (citing *Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 558 n.2 (5th Cir. 2018)).

Federal courts in this Circuit frequently take judicial notice of pleadings filed in related cases. *See, e.g.*, *Ayati-Ghaffari v. JP Morgan Chase Bank, N.A.*, No. 4:18-CV-483-ALM-CAN, 2019 WL 1550141, at *4 (E.D. Tex. Feb. 10, 2019) ("In determining a motion to dismiss, it is appropriate and the Court may take judicial notice of related pleadings and orders in prior actions.") (citing *Meyers v. Textron, Inc.*, 540 F. App'x 408, 410 (5th Cir. 2013)).  Similarly,

courts in the Fifth Circuit commonly take judicial notice of documents filed with the USPTO. *See, e.g.*, *Samsung Elecs. Am., Inc. v. Yang Kun Chung*, No. 3:15-CV-4108-L, 2020 WL 730522, at *3 (N.D. Tex. Feb. 13, 2020) ("Samsung has provided the court with the USPTO registration records concerning the marks at issue. . . .  The court will grant Samsung's request for the court to take judicial notice of matters of public record under Federal Rule of Evidence 201, specifically the [registered marks], together with the ownership and trademark specifications contained therein."); *Jefferson St. Holdings Intellectual Prop. LLC v. Tech 21 UK Ltd.*, No. 5:18-CV-806-DAE, 2019 WL 5795667, at *1 n.4 (W.D. Tex. June 10, 2019) ("Pursuant to Federal Rule of Evidence 201(b)(2), the Court takes judicial notice of this recordation with the PTO, as a matter of public record.") (citing *Norris*, 500 F.3d at 461 n.9).

**B.** **Choice of Law**

"The conflict of laws rules to be applied by the federal court in [Texas] must conform to those prevailing in [Texas's] state courts."  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941).  In Texas, "in all choice of law cases, except those contract cases in which the parties have agreed to a valid choice of law clause, the law of the state with the most significant relationship to the particular substantive issue will be applied to resolve that issue."  *Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 421 (Tex. 1984).  The Theta CNS does not contain a choice-of-law provision.  *See generally* Theta CNS.

Theta is domiciled in Texas.  *See* Am. Compl. ¶ 13.  And the Theta CNS resolved the E.D. Tex. Litigation, which was pending in a U.S. District Court sitting in the state of Texas. Accordingly, Samsung assumes that Texas bears the "most significant relationship" to any state-law issues concerning the Theta CNS, and that Texas law will control the interpretation thereof.

### C.     Contractual Interpretation

This Court has observed that, "[a]bsent an argument that [contractual] language is ambiguous, the Court must assess the objective intention of the Parties from the language of the written agreement." *Diamondback Indus. v. Repeat Precision, LLC*, No. 6:19-CV-00034-ADA, 2019 WL 8501017, at *4 (W.D. Tex. Sept. 11, 2019).  Accordingly, when previously faced with "extrinsic evidence . . . that preceded the execution of the [contract], the Court . . . ignored all of this.  Intentionally." *Id.*  In such an instance, "[t]here is no need—nor is it legally permissible—for the Court to attempt to divine any intent on the part of the Parties other than what is clearly expressed in the agreements themselves." *Id.*

This Court's statements above "follow[] unequivocal Texas Supreme Court law." *Id.*  Specifically, when interpreting an unambiguous contract, the Texas Supreme Court has held:

> The primary concern of a court in construing a written contract is to ascertain the true intent of the parties as expressed in the instrument.  If a written contract is so worded that it can be given a definite or certain legal meaning, then it is not ambiguous.  Parol evidence is not admissible for the purpose of creating an ambiguity.

*Nat'l Union Fire Ins. v. CBI Indus.*, 907 S.W.2d 517, 520 (Tex. 1995) (citations omitted).

### D.     Legal Estoppel and Implied License

"Legal estoppel prevents licensors from derogating or detracting from definable license rights granted to licensees for valuable consideration." *Cheetah Omni LLC v. AT&T Servs., Inc.*, 949 F.3d 691, 695 (Fed. Cir. 2020) (citing *AMP Inc. v. United States*, 389 F.2d 448, 452 (Ct. Cl. 1968)).  The Federal Circuit has held that "where . . . continuations issue from parent patents that previously have been licensed as to certain products, it may be presumed that, absent a clear indication of mutual intent to the contrary, those products are impliedly licensed under the continuations as well." *General Protecht Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d

1355, 1361 (Fed. Cir. 2011).  Similarly, if a licensor "[does] not intend its license 'to extend to claims presented in continuation patents, it ha[s] an obligation to make that clear.'  The expectation is properly placed on the patent owner . . . to specifically carve out continuation patents that it intended to exclude." *Cheetah*, 949 F.3d at 696 (quoting *Gen. Protecht*, 651 F.3d at 1361).  Parties may "contract around the presumption of an implied license if it [does] not 'reflect their intentions' but . . .  it [is] the parties' burden to 'make such intent clear in the license.'" *Cheetah*, 949 F.3d at 696 (quoting *Gen. Protecht*, 651 F.3d at 1361).

### E.    Indirect Infringement and Willfulness

Although direct infringement under 35 U.S.C. § 271(a) is a strict liability offense, a patentee seeking to prove that an infringer has either induced or contributed to a third party's direct infringement under 35 U.S.C. § 271(b) or (c) must show that the accused indirect infringer had both "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 135 S. Ct. 1920, 1926 (2015).  Indeed, "[a]bsence of knowledge is a fatal flaw in a claim for indirect patent infringement." *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-702-XR, 2011 WL 3359554, at *5 (W.D. Tex. Aug. 4, 2011).  A claim for indirect infringement that "simply recites the legal conclusion that Defendants acted with specific intent" or generally alleges that a defendant broadly acted to "urge, instruct, [and/or] encourage" infringement is insufficient. *Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015).

This Court has repeatedly applied these principles to dismiss defective allegations of scienter at the initial stages of litigation, including in situations in which a patentee purported to rely on the filing of its complaint to provide notice to an accused infringer.  *See VLSI Tech., LLC v. Intel Corp.*, No. 6:19-CV-000254-ADA, ECF No. 52, at 2-3 (W.D. Tex. Aug. 6, 2019); *Intellectual Ventures I LLC v. VMware, Inc.*, No. 1:19-cv-01075-ADA, ECF Text Entry (W.D.

Tex. Feb. 20, 2020); *Parus Holdings Inc. v. Apple Inc.*, No. 6:19-cv-00432-ADA, ECF No. 101

(W.D. Tex. Jan. 31, 2020).  *See also Parus Holdings*, No. 6:19-cv-00432-ADA, ECF No. 107

(Jan. 31, 2020 Hrg. Tr.) at 13:20-25, 46:24-47:15 (dismissing indirect infringement claims).

This Court has also held that an "allegation of actual notice stemming from [a

defendant's] prosecution activity is too attenuated to plausibly infer that [the defendant] had pre-

suit knowledge of the Asserted Patents."  *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1:18-CV-309-

LY, 2018 WL 8261315, at *2 (W.D. Tex. Nov. 30, 2018).

As to willfulness, a patentee may prove a defendant's willful infringement only via a

showing of "[t]he sort of conduct . . . variously described . . . as willful, wanton, malicious, bad-

faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate."  *Halo

Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016).  "To state a claim for willful

infringement, a plaintiff must allege facts plausibly showing that as of the time of the claim's

filing, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it

infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct

amounted to infringement of the patent."  *Parity Networks, LLC v. Cisco Sys., Inc.*, No. 6:19-cv-

00207-ADA, 2019 WL 3940952, at *3 (W.D. Tex. July 26, 2019) (internal quotation omitted).

## IV.   ARGUMENT

Theta's Amended Complaint should be dismissed with prejudice under the doctrines of

legal estoppel and implied license.  The Theta CNS granted Samsung the right to practice the

'330 and '728 patents, and under the law, Theta bears the burden of showing that it reserved the

right to sue Samsung on continuation patents issuing off the same specification.  There is no such

reservation in the Theta CNS, and therefore, Theta's infringement claims are barred as a matter

of law.  Moreover, Theta's claims for indirect and willful infringement should be dismissed for

the independent reason that Theta's Complaint does not plead facts sufficient to prove that Samsung had the requisite pre-suit knowledge of the Patents-in-Suit.

### A.      The Theta CNS Grants Samsung an Implied License to the Patents-in-Suit and Thus Legally Estops Theta from Suing Samsung for Infringement

In the Theta CNS, Theta "unconditionally covenant[ed] not to sue Samsung for direct, induced or contributory infringement under any claim of the '330 or '728 Patents" with respect to "any Samsung wireless handheld device," for alleged acts of infringement occurring "on, before, or after the Covenant Date."  Theta CNS at 0253 ¶¶ 1, 2.  The Patents-in-Suit are continuations of Theta's previously-asserted '330 and '728 patents with identical patent specifications.  *Compare* Am. Compl. Exs. A-C *with* E.D. Tex. Compl. Exs. A-B.  Theta accuses the same product family (i.e., Samsung's wireless handsets) of infringing both the earlier-asserted patents and the current Patents-in-Suit.  *Compare* Am. Compl. ¶ 72 *with* E.D. Tex. Compl. ¶¶ 19, 23.

As a matter of law, the Federal Circuit has placed the burden on Theta to establish that it reserved the right to sue on continuation patents.  In *General Protecht*, the Court held that "where . . . continuations issue from parent patents that previously have been licensed as to certain products, it may be presumed that . . . those products are impliedly licensed under the continuations as well."  *Gen. Protecht*, 651 F.3d at 1361.  In *Cheetah*, the Federal Circuit expanded on that obligation, holding that a patent holder who wants to preserve the right to a second suit "ha[s] an obligation to make that clear.'  The expectation is properly placed on the patent owner . . . to specifically carve out continuation patents that it intended to exclude." *Cheetah*, 949 F.3d at 696 (quoting *Gen. Protecht*, 651 F.3d at 1361).  In addition, to avoid any ambiguity, that intent must be recorded in the license:  "it [is] the parties' burden to 'make such

intent clear *in the license*.'" *Cheetah*, 949 F.3d at 696 (quoting *Gen. Protecht*, 651 F.3d at 1361) (emphasis added).

The Federal Circuit rule is a sound one.  It is easily applied and just as easily contracted around if the parties have the unusual intent to permit a later suit on a continuation patent. Samsung obtained a dismissal of the case with prejudice and a covenant not to sue.  Because the Theta CNS is in writing and has no exclusion for continuations, this case falls squarely within the rule of *General Protecht* and *Cheetah*.  Theta's claim fails as a matter of law.

Theta's newly-pled allegation that the Theta CNS (and the subsequent September 21 covenant) "did not give rise to an implied license or an express license from Theta to Samsung for any patent beyond the '330 or '728 Patents" (Am. Compl. ¶¶ 54, 59) does not disturb this conclusion.  Summarily pleading "a legal conclusion couched as a factual allegation," as Theta does here, does not overcome a party's duty to plead "factual content" giving rise to a plausible cause of action.  *See, e.g.*, *De La Vega*, No. W-19-00612-ADA, ECF No. 29 at 3.

Similarly, Theta cannot rely on statements exchanged between Theta and Samsung during the resolution of the E.D. Tex. Litigation to "creat[e] an ambiguity" in the plain and unambiguous text of the Theta CNS.  *See Nat'l Union*, 907 S.W.2d at 520.  Rather, the Court is bound to "assess the objective intention of the Parties from the language of the written agreement."  *Diamondback Indus.*, 2019 WL 8501017, at *4.  It is precisely to guard against Theta's current attempt to derogate from its prior unequivocal commitment that the Federal Circuit has expressly noted that "it [is] the parties' burden to 'make such intent [to carve out continuation patents] clear *in the license*.'"  *Cheetah*, 949 F.3d at 696 (quoting *Gen. Protecht*, 651 F.3d at 1361) (emphasis added).

14

Finally, even if the Court were to consider Theta's extra-contractual statement that "Theta will not execute a covenant not to sue that extends beyond the '330 and '728 patents-in-suit" (Am. Compl. ¶ 57), the result would be the same.  The Federal Circuit has expressly held that such a generic statement—even if actually included in a prior license (which this was not)—is insufficient to carve out continuation patents from the scope of the earlier license grant:

> TransCore is . . . legally estopped from asserting the [continuation] patent against Mark IV in derogation of the authorizations granted to Mark IV under the [predecessor] patents.  And Mark IV is, in turn, an implied licensee of the [continuation] patent.  The language of the . . . settlement agreement, which states that "[t]his Covenant Not To Sue shall not apply to any other patents . . . to be issued in the future," is not to the contrary.  This language may protect TransCore against broad claims that future patents generally are impliedly licensed, but it does not permit TransCore to derogate from the rights it has expressly granted and thus does not preclude a finding of estoppel [as to the continuation patent].

*TransCore, LP v. Elec. Transaction Consultants Corp.*, 563 F.3d 1271, 1279 (Fed. Cir. 2009).

Thus, the law is unequivocal that if Theta wanted to reserve the right to do something as extraordinary as suing Samsung on continuation patents, Theta bore the burden to obtain Samsung's agreement in writing.  That Samsung asked for belt-and-suspenders language and Theta refused to provide it is of no legal effect.  Theta gave up the ghost in the September 18 covenant when it failed to make the requisite written reservation.  The legal effect of silence here is to create an estoppel and prevent Theta from restarting the litigation.  Under governing Federal Circuit law, this case must be dismissed.

### B.    Theta Has Not Alleged the Knowledge and Specific Intent to Infringe Necessary to Support Its Claims for Indirect and Willful Infringement

Theta's claims for indirect and willful infringement fail to state claims for relief because the Amended Complaint lacks the requisite knowledge allegations.  Theta has not set forth plausible allegations sufficient to show that Samsung had "knowledge of the patent in suit and

knowledge of patent infringement," as required to prove induced or contributory infringement. *Commil*, 135 S. Ct. at 1926.  Nor has Theta alleged, as required to establish willful infringement, that Samsung "(1) knew of the patent[s]-in-suit; (2) after acquiring that knowledge, it infringed the patent[s]; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent[s].'"  *Parity Networks*, 2019 WL 3940952 at *3.

The Amended Complaint cites three pieces of alleged evidence that are each legally insufficient on their face.

First, Theta alleges without any supporting facts that Samsung and/or its counsel monitored the progress of Theta patent applications through the USPTO.  *See* Am. Compl. ¶¶ 60, 98, 122, 146.  This speculative and unsupported allegation should be disregarded.  *See, e.g.*, *De La Vega*, No. W-19-00612-ADA, ECF No. 29 at 3 (a complaint's allegations are "plausible" only if the "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged").

Second, to the extent that Theta intends to rely on the filing of this lawsuit to satisfy knowledge requirements (*see* Am. Compl. ¶ 98, 122, 146), this Court has rejected that theory of liability.  *See Parus Holdings*, No. 6:19-cv-00432-ADA, ECF No. 101; ECF No. 107 (Jan. 31, 2020 Hrg. Tr.) at 13:20-25, 46:24-47:15.  *See also, e.g.*, *Aguirre v. Powerchute Sports, LLC*, No. SA-10-CV-0702-XR, 2011 WL 2471299, at *3 (W.D. Tex. June 17, 2011) ("[K]nowledge of [plaintiff's] patent after the lawsuit was filed . . . is insufficient to plead the requisite knowledge for indirect infringement.").

Third, Theta alleges that "Samsung and its counsel were also aware of" each of the Patents-in-Suit because each of the patents was "cited as prior art during the prosecution of a patent application filed by Samsung in the Korean Patent Office," and a "parent was cited by

Samsung to the United States Patent Office."  Am. Compl. ¶¶ 99, 123, 147.  But as this Court has noted, an "allegation of actual notice stemming from [defendant's] prosecution activity is too attenuated to plausibly infer that [defendant] had pre-suit knowledge of the Asserted Patents." *Meetrix*, 2018 WL 8261315 at *2.

Without plausible allegations of knowledge, Theta's indirect and willful infringement allegations reduce to "simply recit[ing] the legal conclusion that [Samsung] acted with specific intent." *Addiction & Detoxification*, 620 F. App'x at 938; *cf.* Am. Compl. ¶¶ 95-97, 119-21, 143-45.  Following its usual practice, the Court should dismiss Theta's allegations of indirect and willful infringement with leave to replead following discovery.  *See VLSI*, No. 6:19-CV-000254-ADA, ECF No. 52, at 2-3; *Intellectual Ventures*, No. 1:19-cv-01075-ADA, ECF Text Entry (Feb. 20, 2020); *Parus Holdings*, No. 6:19-cv-00432-ADA, ECF No. 101; *Parus Holdings*, No. 6:19-cv-00432-ADA, ECF No. 107 (Jan. 31, 2020 Hrg. Tr.) at 13:20-25, 46:24-47:15.

## V.     CONCLUSION

This case is ripe for disposition on the merits.  Theta granted Samsung a covenant not to sue and then sued Samsung anyway.  The Federal Circuit has set forth a bright-line rule that licensors must follow if they want to invoke the patent jurisdiction of the federal courts twice on the same patent family.  Theta did not make an express reservation to sue on continuations, and that is fatal to its Amended Complaint.  In the alternative, the Court should dismiss Theta's allegations of indirect and willful infringement for failure to allege the requisite knowledge.  Because Theta has already had one chance to amend, Theta's claims should be dismissed with prejudice.

DATED:  July 27, 2020                    Respectfully submitted,

                                        By: */s/ S. Michael Song*
                                        S. Michael Song
                                        CA State Bar No. 198656
                                        Admitted *pro hac vice*
                                        michael.song@dechert.com
                                        Dechert LLP
                                        2440 W. El Camino Real, Suite 700
                                        Mountain View, CA 94040
                                        (650) 813-4813

                                        Martin J. Black
                                        PA State Bar No. 54319
                                        Admitted *pro hac vice*
                                        martin.black@dechert.com
                                        Dechert LLP
                                        Cira Centre
                                        2929 Arch Street
                                        Philadelphia, PA 19104
                                        (215) 994-4000

                                        Joseph M. Abraham
                                        TX Bar No. 24088879
                                        joseph.abraham@dechert.com
                                        Dechert LLP
                                        515 Congress Avenue, Suite 1400
                                        Austin, TX 78701
                                        (512) 394-3000

                                        ***Attorneys for Samsung Electronics Co., Ltd.***
                                        ***and Samsung Electronics America, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed and received by all counsel of record using the Court's CM/ECF system on this 27th day of July, 2020.

<i><u>By: /s/ S. Michael Song</u></i>  <br>
S. Michael Song