IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| THETA IP, LLC., <br> *Plaintiffs*, <br><br> v. <br><br> SAMSUNG ELECTRONICS CO., LTD., AND SAMSUNG ELECTRONICS AMERICA, INC., <br> *Defendants*. | § § § § § § § § § § § § § § | CIVIL ACTION: WA:20-CV-00160-ADA |

### **ORDER GRANTING PLAINTIFF'S MOTION TO DISMISS**

Came on for consideration this date is Plaintiff Theta IP's ("Theta") Motion to Dismiss Defendant Samsung's inequitable conduct counterclaim and affirmative defense. ECF No. 70. Samsung and Theta filed respective responsive briefings. ECF No. 74; ECF No. 77. After careful consideration of the above briefings, the Court **GRANTS** Plaintiff's Motion.

### I.  Background

In March of 2016, Theta submitted the patent application for the '926 Patent. ECF 74, p. 2. On November 21, 2019, Theta submitted a Request for Certificate of Correction Due to Applicant's Mistake (the "Request") under 37 CFR § 1.323. *Id.* at p. 2. The Request sought to change a word in element (iv) of Claim 1 from "increase" to "decrease." *Id.* Under 35 U.S.C. § 255, correction requests must fall into one of three categories: clerical, typographical, or minor. Here, Theta characterized the change as "minor" and that "the mistakes [sic] occurred in good faith

and that the corrections [sic] do not involve changes that would constitute new matter or require reexamination...." *Id*. at p. 3. On December 31, 2019, the USPTO issued the Certificate of Correction. *Id.*

Defendant-Samsung filed their Amended Answer and Counterclaim on April 2, 2021. ECF No. 65. That pleading added an inequitable conduct counterclaim (¶¶ 241-43) and an inequitable conduct affirmative defense (¶¶ 168-178). *Id*. Samsung's pleadings contain allegations which include an assertion stating, "On information and belief, Theta IP knew that changing a word to its opposite was not a minor correction." *Id*. at ¶¶ 175-176. As to Theta's alleged deceitful intent, Samsung only alleges "[o]n information and belief, Theta IP knew that the correction was not correctable under 35 U.S.C. § 255 and misrepresented the nature of the correction with a specific intent to deceive the USPTO into issuing the improper certification of correction." *Id.* at ¶177.

## II.     Legal Standard

"Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a 'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The purpose of pleadings is to "give the defendant fair notice of what the...claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Inequitable conduct allegations must satisfy a heightened pleading requirement such that each element "must be pled with particularity" under Rule 9(b). *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys.*, LLC, 350 F.3d 1327, 1344 (Fed. Cir. 2003).

A pleading of inequitable conduct "must identify the specific who, what, when, where, and how of the material misrepresentation or omission committed before the PTO." *Exergen Corp. v. Wal-Mart Stores, Inc.*, 575 F.3d 1312, 1328 (Fed. Cir. 2009). The intent element must be pled with "sufficient allegations of underlying facts from which a court may reasonably infer that a specific individual (1) knew of . . . the falsity of the material misrepresentation, and (2) . . . misrepresented this information with a specific intent to deceive the PTO." *Id.* at 1328–29. Further, the elements of knowledge and of deceitful intent must be "reasonable and drawn from a pleading's allegations of underlying fact." *Id.* at n. 5.

### III.   Discussion

Samsung has failed to allege information, taken as true, to which this Court can "reasonably infer" that Theta "knew of . . . the falsity of the material misrepresentation" and "misrepresented this information with a specific intent to deceive the PTO." *See Id.* at 1328–29.  Samsung's principal argument making such a reasonable inference here is that the Request made to the USPTO "necessarily broadened the scope of the original claim" and that "[t]here is no room for reasonable lawyers to argue" that it was not broadening. ECF No. 74, p. 6. Therefore, Samsung argues, a reasonable inference can be drawn as to Theta's intent to deceive the USPTO. *Id.*

Samsung also argues that Theta's possible motivation for using the "minor correction" process, rather than the more strenuous and time-consuming broadening reissue process, "would have taken far too long to permit assertion of the patent in this litigation"—leaving Theta with a narrow infringement window. *Id.* at p. 7. Samsung asks the Court to infer that Theta *knew* they made a material misrepresentation because the "minor" correction was broadening (and no reasonable person could argue otherwise), and because of this, the Request *had to be* made with

an intent to deceive. Such broad inferences cannot be made reasonably based on the allegations in Samsung's Complaint. *See* ECF No. 65, ¶¶ 168-178.

Samsung cites *Weatherford*, where that Court also considered and denied a motion to dismiss an inequitable conduct claim. *Weatherford Int'l, Inc. v. Halliburton Energy Servs., Inc.*, No. 2:09- CV-261-CE, 2011 WL 902243 *1 (E.D. Tex. Mar. 14, 2011). There, the correction changed the word "inner" to "outer." *Id*. However, in *Weatherford*, it was "undisputed" that the corrected claim curing a "typographical" error was broadening. *Id.* at *2. Therefore, the *Weatherford* Court's decision was based on a different analysis of the claim correction, and the inference of deceitful intent was reasonable where the correction was undisputedly broadening. Here, the correction from "increase" to "decrease" was characterized as a "minor" change rather than a typographical one. ECF No. 70. Further, the correction here is not undisputedly broadening within the context of the patent—the USPTO disagreed with Samsung

The inference that Samsung asks the Court to make is not reasonable. Such an inference would require the Court to assume the arguments Theta made in its Request were knowingly misrepresented, *and* the USPTO was incorrect by finding that the correction did not alter the scope of the Patent. The presumption of patent validity, and the burden of showing clear and convincing evidence to defeat it, extends to Certificates of Correction. *See, e.g., Superior Fireplace Co. v. Majestic Prods. Co.*, 270 F.3d 1358, 1367 (Fed. Cir. 2001). Samsung's main contention for the USPTO's alleged mistake is simply that "increase" was changed to its opposite— "decrease." ECF No. 74, ¶ While facts alleged in a pleading should are taken as true, "we 'are not bound to accept as true a legal conclusion couched as a factual allegation'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Further, Samsung's only factual allegations to advance an "intent to deceive" inference are based "upon information and belief." ECF No. 65, ¶¶ 175-177. Samsung's

"belief" stems from their legal conclusion that the correction was broadening. The Court cannot find a reasonable inference based on that information.

The bare allegations made in Samsung's complaint must be dismissed because a heightened pleading standard applied to inequitable conduct claims. Since Samsung relies on the same bare "upon information and belief" allegations for its inequitable conduct affirmative defense, that claim also fails the heightened pleading standard. The circumstances alleged by Samsung "do not plausibly suggest any deliberate decision to withhold a known material reference or to make a knowingly false misrepresentation—a necessary predicate for inferring deceptive intent." *Exergen*, 575 F.3d at 1331 (quotations omitted).

It is therefore **ORDERED** that the Theta's Motion Dismiss is **GRANTED** and Samsung's equitable conduct counterclaim and affirmative defense are **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** this 7th day of June, 2021.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE