**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| THETA IP, LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 6:20-cv-00160-ADA |
| SAMSUNG ELECTRONICS CO., LTD. and SAMSUNG ELECTRONICS AMERICA, INC., | § § § § § | **JURY TRIAL DEMANDED** |
| *Defendants*. | § § | |

**SAMSUNG'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF NO INDIRECT INFRINGEMENT DAMAGES**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...................................................................................................................... 1
II. FACTUAL BACKGROUND ..................................................................................................... 1
    A. The EDTX IntelliCeiver Litigation............................................................................. 1
    B. Theta's Post-Settlement Prosecution Activities.......................................................... 2
    C. The WDTX Litigation................................................................................................. 3
III. LEGAL STANDARD................................................................................................................. 4
IV. ARGUMENT............................................................................................................................... 4
    A. Theta Has No Evidence to Support Pre-Suit Knowledge of the Patents ................ 4
        1. No Pre-Suit Knowledge of the '962 Patent Claims .................................. 4
        2. Knowledge of Pending Prosecution with Respect to the '825 Patent is Insufficient to Create an Issue for Trial .................................................. 5
        3. There Is No Evidence That Samsung Was Aware of the '202 Patent Prosecution or Its Issuance................................................................. 7
    B. No Pre-Suit or Post-Suit Knowledge of Infringement........................................... 7
V. CONCLUSION............................................................................................................................ 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*,
  No. W:13-CV-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) ..................................... 4, 6

*Chalumeau Power Systems LLC v. Alcatel-Lucent*,
  No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012) ................................................ 6

*Commil USA, LLC v. Cisco Sys., Inc.*,
  575 U.S. 632 (2015) ................................................................................................................. 4

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011) ......................................................................................................... 4, 5, 7

*Novo Indus., L.P. v. Micro Molds Corp.*,
  350 F.3d 1348 (Fed. Cir. 2003) ............................................................................................... 5

*Oplus Techs., Ltd. v. Sears Holdings Corp.*,
  No. 2:12-cv-05707-MRP-Ex, 2013 WL 12130253 (C.D. Cal. Oct. 2, 2013) ........................... 8

*Ronald A. Katz Tech. Licensing, L.P. v. Verizon Comms., Inc.*,
  No. Civ. A. 01-5627, 2002 WL 31834833 (E.D. Pa. Dec. 18, 2002) ....................................... 9

*State Indus., Inc. v. A.O. Smith Corp.*,
  751 F.2d 1226 (Fed. Cir. 1985) ............................................................................................... 6

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
  No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) ........................................ 6

*VIA Techs., Inc. v. ASUS Computer Int'l*,
  No. 14-cv-03586-BLF, 2015 WL 3809382 (N.D. Cal. Jun. 18, 2015) ..................................... 6

**Statutes**

35 U.S.C. § 255 ................................................................................................................................ 5

35 U.S.C. § 271(b) .......................................................................................................................... 4

35 U.S.C. § 271(c) .......................................................................................................................... 4

I.  INTRODUCTION

Theta's current theory of infringement is that Samsung induces its customers to practice the claimed methods and contributes to their infringement[1] when their phones automatically execute a ███████████████████████████.  To prove indirect infringement, Theta must establish both "knowledge of the patent" and "knowledge of infringement," but there is a complete failure of proof on both elements.  Samsung was unaware of the Asserted Patents before the suit, and Theta's argument that Samsung was required to monitor Theta's patent prosecution under a "willful blindness" theory is wrong as a matter of law.  With respect to Samsung's knowledge of infringement, Theta has offered no evidence at all.  Theta built its case on ████████████████████████████████████████████████████████ ██████.  Samsung does not have access to this information and cannot be held liable for inducing others to perform or contributing to their performance of a method of which it was unaware.  For each of these reasons, there is no genuine issue of material fact for trial as to Theta's pre-suit or post-suit indirect infringement claims and thus no damages may flow from such allegations.  The parties met and conferred about the subject matter of this motion on November 10, 2021, and Theta indicated that it opposes the motion.

II.  FACTUAL BACKGROUND

A.  The EDTX IntelliCeiver Litigation

In 2016, Theta IP LLC ("Theta") filed suit against Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. in the Eastern District of Texas, asserting infringement of U.S. Patent Nos. 7,010,330 (the "'330 Patent") and 9,331,728 (the "'728 Patent"), parent patents

---

[1] The claimed methods appear in U.S. Patent Nos. 9,838,962 (the "'962 Patent"), 10,129,825 (the "'825 Patent"), and 10,524,202 (the "'202 Patent") (together, the "Asserted Patents").

to the Asserted Patents. D.I. 18 (First Amended Complaint ("F.A.C.")) ¶ 50; *see also* No. 2:16-cv-00527-JRG-RSP (the "E.D. Tex. Lit."), ECF No. 1.  On September 21, 2017, the parties filed a joint order where Theta dismissed its infringement claims with prejudice and Samsung waived its claim for fees and costs. E.D. Tex. Lit., ECF No. 110.

### B. Theta's Post-Settlement Prosecution Activities

In the following two years, Theta continued to prosecute patents in the '330 and '728 families, but Theta did not notify Samsung of its activities or the issuance of additional patents, and never told Samsung that it believed Samsung's new phones infringed. *See, e.g.*, Ex. 2 (Aug. 11, 2021 Paraskevopoulos Tr.) at 374:18-24 ("▊▊▊▊▊▊▊"), 375:22-376:25, 377:1-14. For each of the Asserted Patents, which are related to the '330 and '728 Patents by continuation applications, the salient notice facts are as follows:

'962 Patent: Samsung was aware of the application that led to the '962 Patent on the date of settlement, but Theta made no charge of infringement for the '962 Patent or its pending claims at the time. *Id.* at 374:18-24, 375:22-376:25, 377:18-21. The '962 Patent issued on December 5, 2017, and Theta did not notify Samsung nor allege infringement. *Id.* Indeed, the '962 Patent was defective as issued, and the PTO corrected the patent on December 31, 2019, shortly before

---

[2] All exhibits are to the Declaration of Michael H. Joshi, submitted herewith.
[3] *See* Ex. 1 (Witkowski Tr.) at 230:13-21, 233:9-12, 233:25-234:2, 234:9-12, 234:14-23, 234:25-235:15, 236:11-237:1, 243:11-244:3, 245:5-16, 245:18-246:3, 254:1-7, 254:9-16, 272:15-20, 273:5-12, 275:25-276:23, 329:14-16, 346:4-22, 372:22-373:16, 408:24-409:16.

suit, to materially change the word "increased" to its opposite "decreased." *See* Ex. 3 ('962 Patent Certificate of Correction). The claims Theta now asserts did not exist until that correction. The first time that Samsung learned of the '962 Patent was when Theta filed suit. Ex. 4 (Feb. 17, 2021 Samsung Second Supp. Resp. and Obj. to Theta's First Interrogatories ("Second Supp. Rog. Resp.")) at Interrogatory No. 16.

'825 Patent: Samsung was aware of the application that led to the '825 Patent on the date of the settlement, but Theta made no charge of infringement with respect to the '825 Patent or its claims. *See* Ex. 2 (Aug. 11, 2021 Paraskevopoulos Tr.) at 377:1-14, 377:18-21. On March 6, 2018, Theta dropped all of the pending claims and replaced them with a new claim set that eventually became issued claims 1-8. *See* Ex. 5 (March 6, 2018 Amendment) at 2-7. Theta provided no notice of the new claim set to Samsung, nor asserted infringement when the '825 Patent issued on Nov. 13, 2018. *See* Ex. 2 (Aug. 11, 2021 Paraskevopoulos Tr.) at 377:18-21. Samsung first learned of the '825 patent when Theta filed suit. Ex. 4 (Second Supp. Rog. Resp.) at Interrogatory No. 16.

'202 Patent. On November 28, 2017, Theta filed the application that led to the '202 Patent. That application was not published at the time of the settlement. Samsung had no knowledge of the application or the issuance of the '202 Patent prior to the filing of suit. *See* Ex. 2 (Aug. 11, 2021 Paraskevopoulos Tr.) at 377:18-21; Ex. 4 (Second Supp. Rog. Resp.) at Interrogatory No. 16.

### C. The WDTX Litigation

When Theta filed suit here on February 28, 2020, it provided detailed infringement allegations, including tear down reports that were squarely aimed at the same accused instrumentality as in the EDTX litigation, Qualcomm's publicly disclosed IntelliCeiver

technology. D.I. 1 ¶¶ 59-61. However, Theta completely changed theories in its March 5, 2021 final infringement contentions. The new contentions made no mention of IntelliCeiver, and instead were built around ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. Theta's infringement expert based his opinions on parsing ▉▉▉▉▉▉▉▉ ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ relying on source code and documents to which Samsung has never had access. *See* Ex. 6 (Expert Report of Sayfe Kiaei Regarding Non-Infringement), including in particular ¶ 440.

### III. LEGAL STANDARD

Indirect infringement under 35 U.S.C. § 271(b) or (c) requires that the accused infringer have both "knowledge of the patent in suit and knowledge of patent infringement." *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015). Rarely, the knowledge requirement can be met by willful blindness which requires the patentee to establish much more than mere negligence or even recklessness. *Global-Tech Appliances, Inc.* v. SEB S.A., 563 U.S. 754, 769 (2011). The alleged infringer must take deliberate action to avoid confirming a high probability of wrongdoing. *Id.* Merely having knowledge of the existence of a pending application that may mature into a patent is insufficient. *Affinity Labs of Texas, LLC v. Toyota Motor N. Am.*, No. W:13-CV-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014) (discussing cases).

### IV. ARGUMENT

#### A. Theta Has No Evidence to Support Pre-Suit Knowledge of the Patents

##### 1. No Pre-Suit Knowledge of the '962 Patent Claims

Theta asserts infringement of the '962 Patent beginning when it issued on December 5, 2017. D.I. 125 ¶¶ 42, 72; *see also* Ex. 7 (Expert Report of Lawrence E. Larson) ¶ 50. But at that time, the only independent claim recited that "the bias current…is increased…." D.I. 1-1 ('962 Patent) at Claim 1, Element (iv). It was not until December 31, 2019, that Theta obtained a

certificate of correction, changing "increased" to its diametric opposite – "decreased." D.I. 18-1 at 27. By statute, a PTO-issued certificate of correction is only effective for causes of action arising after issuance of the certificate and thus Samsung cannot be liable prior to December 31, 2019. 35 U.S.C. § 255; *Novo Indus., L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1356 (Fed. Cir. 2003). Further, it defies logic that during 2018 and 2019, Samsung could intend to induce others to infringe or contribute to the infringement of the "decreased" claims when, during that entire period, the claims read "increased."[4]

### 2. Knowledge of Pending Prosecution with Respect to the '825 Patent is Insufficient to Create an Issue for Trial

Theta does not contend that Samsung was aware of the '825 Patent prior to the commencement of litigation. Instead, Theta asserts "willful blindness," arguing that Samsung was aware of the '825 application and that it was therefore obligated to follow Theta's patent prosecution filings. Theta's assertions are insufficient as a matter of law.

The Supreme Court's high bar for proof of willful blindness in patent cases has:

> an appropriately limited scope that surpasses recklessness and negligence. Under this formulation, a willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing and who can almost be said to have actually known the critical facts. By contrast, a reckless defendant is one who merely knows of a substantial and unjustified risk of such wrongdoing and a negligent defendant is one who should have known of a similar risk but, in fact, did not.

*Global-Tech,* 563 U.S. at 769-70.

Knowledge of a pending application that might one day issue into a patent is not the type of "high probability" risk that meets the willful blindness requirement. *State Indus., Inc. v. A.O.*

---

[4] This would remain true even if the Court judicially corrects the claim. Such a correction would have the technical effect of reforming the claim, but it would not address Theta's need to come forward with proof that Samsung was intentionally inducing others to infringe the claim during the time period when it was on the PTO books in its "increased" form.

*Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("Filing an application is no guarantee any patent will issue and a very substantial percentage of applications never result in patents. What the scope of the claims in patents that do issue will be is something totally unforeseeable."). Knowledge of a pending application is insufficient to establish knowledge of a later-issued patent for purposes of establishing indirect infringement or willfulness. *Affinity Labs*, 2014 WL 2892285, at *6 (discussing cases); *see also VIA Techs., Inc. v. ASUS Computer Int'l*, No. 14-cv-03586-BLF, 2015 WL 3809382, at *3 (N.D. Cal. Jun. 18, 2015) ("The general rule in this district is that knowledge of a patent application alone is insufficient to meet the knowledge requirement for either a willful or induced infringement claim."); *Chalumeau Power Systems LLC v. Alcatel-Lucent*, No. 11-1175-RGA, 2012 WL 6968938, at *2 (D. Del. July 18, 2012) (dismissing inducement allegations based on prior citations of the accused infringer's patent applications); *Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *5 (N.D. Cal. May 18, 2012) (finding the accused infringer's knowledge of the pending patent application that led to the asserted patent and knowledge of other family related patents were insufficient to show actual knowledge of the asserted patent). Nor is there an obligation to monitor the prosecution files of a potential opponent just because the parties have been involved in prior litigation. *Affinity Labs,* 2014 WL 2892285, at *6 (rejecting assertion that prior litigation required monitoring: "The same holds true with respect to the fact that Plaintiff sued Toyota in separate suits for infringing its similar patents.").

      Here, it would be particularly inappropriate to proceed to trial on a willful blindness theory. Theta sued Samsung but then ***dismissed its case with prejudice*** ███████ ████████████████████████████████████████. Theta later obtained a new patent but did not notify Samsung or renew the litigation. There is no basis to conclude that

Samsung acted with willful blindness, a standard which is far higher than negligence or recklessness. Theta cannot satisfy the "limited scope" willful blindness exception that the Supreme Court approved in *Global-Tech*.

### 3. There Is No Evidence That Samsung Was Aware of the '202 Patent Prosecution or Its Issuance

Samsung was unaware of the '202 Patent or its issuance. Ex. 4 (Second Supp. Rog. Resp.) at Interrogatory No. 16. There is a complete failure of proof with respect to scienter on the '202 Patent.

### B. No Pre-Suit or Post-Suit Knowledge of Infringement

Regardless of whether Samsung became aware of the Asserted Patents prior to suit, indirect infringement also requires *knowledge of the infringing activity*. Here, Theta painted itself into a corner. The new theory Theta now advances is that the ▓▓▓▓ ▓▓▓▓▓▓▓▓▓▓ performs the key steps in the Asserted Patents. *See, e.g.*, Ex. 7 (Expert Report of Lawrence E. Larson) ¶¶ 67, 72. And the only evidence Theta has put forth on Samsung's knowledge of the infringement is two short sections, less than two pages, in its expert's report. *Id.* ¶¶ 1077–81. But these paragraphs say nothing about Samsung's knowledge of the infringement. This failure of proof requires entry of summary judgment for Samsung on indirect infringement.

Moreover, the undisputed evidence is that Samsung did not, and could not, know of the infringement. The trouble for Theta is that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ *See e.g.*, Ex. 8 (July 29, 2021 Juho Van Tr.) at 124:16–126:1. Further,

the core evidence cited in Theta's expert's infringement report is material designated by ▮▮▮. *See, e.g.*, Ex. 7 (Expert Report of Lawrence E. Larson) ¶¶ 92 (documents), 94–95, 97 (code), 145–77 (relying heavily on ▮▮▮). For example, the details of the ▮▮▮ are described in the ▮▮▮ that have been designated Highly Confidential Outside Counsel Only. *See id.* ¶¶ 67, 147, 213, 344, 524-26, 550, 720, 742, 754 (relying heavily on these ▮▮▮). The terms of the relevant protective order prevents any Samsung employees from seeing this material. *See* ECF No. 62 at ¶¶ 20-21. Indeed, Theta's expert's report itself is designated "Attorneys' Eyes Only & Source Code Information" and cannot be shared with any Samsung employee. There is absolutely no evidence that ▮▮▮ with Samsung, or that Samsung somehow knew that using ▮▮▮ would result in infringement of the Asserted Patents.

Under these circumstances, Theta cannot establish the requisite scienter for indirect infringement. Knowledge of the general purpose of the allegedly infringing components is insufficient and courts have found that a defendant cannot be liable for inducing infringement if it does not know the details of how the accused products operate. *See, e.g.*, *Oplus Techs., Ltd. v. Sears Holdings Corp.*, No. 2:12-cv-05707-MRP-Ex, 2013 WL 12130253, at *5-6 (C.D. Cal. Oct. 2, 2013) (granting summary judgment of noninfringement where defendant was unaware of the actual method and algorithm used by the allegedly infringing chipsets that it procured from

suppliers); *Ronald A. Katz Tech. Licensing, L.P. v. Verizon Comms., Inc.*, No. Civ. A. 01-5627, 2002 WL 31834833, at *4-5 (E.D. Pa. Dec. 18, 2002) (granting summary judgment of no induced infringement where defendant was unaware of the technology used by its subsidiaries and there was no evidence that it intended its subsidiaries to provide the specific type of service that infringed plaintiff's patents).

Without the ability to access the ████████████████████████ accused of infringement, Samsung cannot be found to have the requisite knowledge of infringement for indirect infringement. Theta's experts did not address this issue at all. There is simply no record evidence to support Theta's burden to establish knowledge of infringement. *See* Ex. 6 (Expert Report of Sayfe Kiaei Regarding Non-Infringement) ¶ 440.

## V.   CONCLUSION

For all the foregoing reasons, Samsung is entitled to partial summary judgment of no pre-suit or post-suit indirect infringement damages.

Dated:  November 12, 2021
Respectfully submitted,

By: /s/ S. Michael Song
S. Michael Song (CA State Bar No. 198656)
Michael Joshi (CA State Bar No. 302184)
michael.song@dechert.com
michael.joshi@dechert.com
DECHERT LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94306
Telephone:  (650) 813-4800

Martin J. Black (PA State Bar No. 54319)
Derek J. Brader (PA State Bar No. 312513)
martin.black@dechert.com
derek.brader@dechert.com
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone:  (215) 994-4000

Ruffin B. Cordell (DC Bar No. 459780)
cordell@fr.com
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Telephone:  (202) 783-5070

Francis J. Albert (CA Bar No. 247741)
albert@fr.com
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone:  (858) 678-5070

Melissa R. Smith (State Bar No. 24001351)
melissa.gillamsmithlaw.com
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone:  (903) 934-8450

***Attorneys for Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed and received by all counsel of record using the Court's CM/ECF system on this 12 day of November, 2021.

> By:  */s/ S. Michael Song*
> S. Michael Song

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(g), counsel for the parties met and conferred telephonically on November 10, 2021.  Corey Johanningmeier attended for Plaintiff.  Daniel Tishman and Michael Song attended for Defendants.  The parties discussed their positions on this motion.  The discussions conclusively ended in an impasse, leaving an open issue for the court to resolve.  Counsel for Plaintiff indicated that Plaintiff opposes this motion.

> By:  */s/ S. Michael Song*
> S. Michael Song