# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

|  |  |
|---|---|
| THETA IP, LLC., | |
| Plaintiff, | Civil Action No.:  WA:20-CV-00160-ADA |
| v. | |
| SAMSUNG ELECTRONICS CO., LTD., and SAMSUNG ELECTRONICS AMERICA, INC. | **JURY TRIAL DEMANDED** |
| Defendants. | |

## <span style="color:red">FIRST AMENDED</span> JOINT PRE-TRIAL ORDER

██████████████

# TABLE OF CONTENTS

Page

I.      APPEARANCE OF COUNSEL ................................................................................ 1

II.     JOINT STATEMENT OF THE CASE .................................................................... 2

III.    CONTENTIONS OF THE PARTIES ...................................................................... 3

    A.     Theta's Contentions ................................................................................... 3

    B.     Samsung's Contentions .............................................................................. 7

IV.     STIPULATED FACTS ............................................................................................ 9

V.      DISPUTED ISSUES OF LAW .............................................................................. 10

VI.     EXHIBITS ............................................................................................................. 11

VII.    WITNESSES .......................................................................................................... 12

VIII.   DEPOSITION DESIGNATIONS .......................................................................... 12

IX.     STIPULATIONS AND TRIAL DISCLOSURES ................................................. 12

    A.     Motions ..................................................................................................... 12

    B.     Exhibits ..................................................................................................... 13

    C.     Witnesses .................................................................................................. 18

    D.     Deposition Testimony .............................................................................. 18

    E.     Demonstrative Exhibits ............................................................................ 20

    F.     Disclosures for Opening Statements ........................................................ 21

    G.     Stipulations Regarding Subject Matter Not to Be Presented to the Jury ............. 22

    H.     Handling of Source Code and Confidential Material ............................... 23

    I.      Agreed Juror Notebooks .......................................................................... 24

X.      PROPOSED JURY INSTRUCTIONS ................................................................... 24

XI.     LIST OF PENDING MOTIONS ............................................................................ 24

XII.    VOIR DIRE ............................................................................................................ 25

XIII.   VERDICT FORM .................................................................................................. 26

XIV.    DISPUTED MOTIONS *IN LIMINE*..................................................................................... 26

XV.     LENGTH OF TRIAL.......................................................................................................... 26

Plaintiff, Theta IP, LLC ("Theta") and Defendants Samsung Electronics Co., Ltd., and

Samsung Electronics America, Inc. ("Samsung") submit the following proposed Joint Pre-Trial

Order pursuant to the Court's Agreed Amended Scheduling Order (Sept. 14, 2021 order granting

Dkt. 115), the Court's Standing Order on Pre-Trial Procedures and Requirements in Civil Cases, the

Federal Rules of Civil Procedures, and the Local Rules of this Court.  The parties having stipulated

to various matters identified herein and having identified exhibits, witnesses, factual contentions

and triable issues:

## I.    APPEARANCE OF COUNSEL

B. Russell Horton (State Bar No. 10014450)
George Brothers Kincaid & Horton, L.L.P.
114 West 7th Street, Ste. 1100
Austin, Texas 78701
(512) 495-1400 telephone
rhorton@gbkh.com

Denise M. De Mory (CA Bar No. 168076)
Henry C. Bunsow (CA Bar No. 60707)
Aaron Hand (CA Bar No. 245755)
Corey Johanningmeier (CA Bar No. 251297)
Hillary Bunsow (CA Bar No. 278719)
Michael Flynn-O'Brien (CA Bar No. 291301)
*Admitted pro hac vice*
Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063
(650) 351-7241 telephone
(415) 426-4744 facsimile
ddemory@bdiplaw.com
hbunsow@bdiplaw.com
ahand@bdiplaw.com
cjohanningmeier@bdiplaw.com
hillarybunsow@bdiplaw.com
mflynnobrien@bdiplaw.com

***Attorneys for Plaintiff Theta IP, LLC***

Melissa R. Smith (State Bar No. 24001351)
James T. Underwood (State Bar No. 24102587)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
melissa.gillamsmithlaw.com

Ruffin B. Cordell (DC Bar No. 459780)
Michael J. McKeon (NY Bar No. 2793883)
Daniel A. Tishman (DC Bar No. 459780)
Ryan M. Teel (DC Bar No. 1044020)
Matthew Mosteller (CA Bar No. 324808)
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Email: cordell@fr.com; mckeon@fr.com;
tishman@fr.com; teel@fr.com;
mosteller@fr.com

Francis J. Albert (CA Bar No. 247741)
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
Email: albert@fr.com

Chet D. Campbell (MA Bar No. 688190)
FISH & RICHARDSON PC

One Marina Park Drive
Boston, MA 02210-1878
Telephone: 617-542-5070
Email: cycampbell@fr.com

S. Michael Song (CA State Bar No. 198656)
Michael Joshi (CA State Bar No. 302184)
Madeleine Ball (CA State Bar No. 336923)
*Admitted pro hac vice*
michael.song@dechert.com
michael.joshi@dechert.com
madeleine.ball@dechert.com
Dechert LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94036
(650) 813-4800

Martin J. Black (PA State Bar No. 54319)
Derek J. Brader (PA State Bar No. 312513)
*Admitted pro hac vice*
martin.black@dechert.com
derek.brader@dechert.com
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

***Attorneys for Samsung Electronics Co., Ltd.
and Samsung Electronics America, Inc.***

## II.   JOINT STATEMENT OF THE CASE

This is an action for patent infringement.  Subject matter jurisdiction is proper in this Court

pursuant to 28 U.S.C. §§ 1331 and 1338(a).  Subject matter jurisdiction, personal jurisdiction, and

venue under 28 U.S.C. §§ 1391(c) and 1400(b) are not disputed for purposes of this action.

Theta accuses Samsung of infringing Claims 3 and 8 of U.S. Patent No. 10,129,825 (the

'825 Patent), Claim 1 of U.S. Patent No. 9,838,962 (the '962 Patent), and Claims 7 and 13 of U.S.

Patent No. 10,524,202 (the '202 Patent), collectively the "Asserted Claims" of the "Asserted

Patents." Theta accuses Samsung of direct and indirect infringement of the Asserted Claims of the Asserted Patents. Theta contends that Samsung's infringement was willful. Theta seeks monetary damages in the form of a reasonable royalty, pre-and post-judgment interest, costs, enhanced damages, and an award of its fees under 35 U.S.C. §§ 284 and 285.

Samsung denies that it has directly or indirectly infringed any of the Asserted Claims, or that any alleged infringement was willful. Samsung contends that the Asserted Claims are invalid, including for failure to comply with one or more requirements of 35 U.S.C. §§ 102, 103, 112, et seq. Samsung contends that it has an implied license to practice the Asserted Patents and that Theta is legally estopped from asserting the Asserted Patents against Samsung. Samsung denies that Theta is entitled to any relief whatsoever, including damages, interest, costs, and attorney fees. To the extent Theta establishes both infringement and validity, Samsung disputes the amount of damages to which Theta is entitled and denies that the alleged infringement was willful. Samsung contends that it is entitled to a declaration of non-infringement and invalidity, and is entitled to recovery of its attorneys' fees under 35 U.S.C. § 285, costs, interest, and any other relief the Court deems appropriate.

## III.   CONTENTIONS OF THE PARTIES

### A.   Theta's Contentions

Theta provides the following statement of contentions without waiver of any claim, response given during discovery, or any opinion expressed by Theta's experts.

1.      Theta contends it is the true and correct owner of the Asserted Patents and holds all rights necessary to bring this action in its own name and recover damages from all past, present and future infringement of the Asserted Patents.

2.      Theta contends that Yannis Tsividis is the true, only, and correct inventor of the Asserted Claims.

3.      Theta contends that on December 31, 2019, the USPTO duly, correctly, and legally issued a Certificate of Correction for the '962 Patent.

4.      Theta contends that the '962 Patent can and should be judicially corrected to incorporate the change made via Certificate of Correction, and that damages may be assessed for infringement occurrent as of the patent's issue date.

5.      Theta contends that the Asserted Claims are entitled to a priority date as early as June 9, 2002, or in the alternative, that the inventions claimed in the Asserted Patents are entitled to a priority claim of at least March 1, 2003, the date on which Provisional Application Nos. 60/451,229 and 60/451,230 were filed.

6.      Theta contends Samsung makes, uses, sells, offers for sale, and/or imports products that directly and indirectly infringe the Asserted Claims. Samsung's suite of infringing smartphone and tablet products include (collectively, the "Accused Products"); a table identifying the Accused Products, corresponding model numbers and relevant signal path components can be found at Appendix 1 attached herewith:

- Samsung Galaxy S8, S9, S10, S20, and S21 smartphone families;

- Samsung Galaxy Note 8, Note 9, Note 10, and Note 20 smartphone families;

- Samsung Galaxy A Series A11, A51 5G, A71 5G smartphones;

- Samsung Galaxy Z Series foldable smartphones (including the "Fold" and "Z Fold 2") and Z Flip smartphone families;

- Samsung Galaxy Tab S4, S6, S7, and S7+ families of tablet devices;

7.      Theta contends that when powered on and used as intended, each Accused Product necessarily practices each and every step of each Asserted Claim, including when powered on and/or used by Samsung employees and agents, as well as each and every end user of an Accused Product.

8.      Theta contends that Samsung directly infringes (literally or under the doctrine of equivalents) each Asserted Claim.

9.      Theta contends that Samsung induces the infringement (literally or under the doctrine of equivalents) of each Asserted Claim.

10.      Theta contends that Samsung contributes to the infringement (literally or under the doctrine of equivalents) of each Asserted Claim.

11.      Theta contends that Samsung's infringement has been and continues to be willful.

12.      Theta contends that Asserted Claims are valid and enforceable.

13.      Theta contends that the Asserted Claims are not invalid for any reason, including under 35 U.S.C. §§ 101, 102, 103, or 112.

14.      Theta contends that the claims of the Asserted Patents are not unenforceable for any reason.

15.      Theta contends that Samsung had actual or constructive knowledge of the existence of and its infringement of each of the Asserted Patents, whether directly or through willful blindness, at least as early as each Asserted Patent issued.

16.      Theta contends that Samsung intended that its customers and personnel infringe the Asserted Claims.

17.      Theta contends that Samsung is not licensed (whether express, implied, or otherwise) and is unauthorized to practice any Asserted Claim.

18.     Theta contends that Samsung is barred by the doctrine of unclean hands from claiming any right or benefit to practice any Asserted Claim by way of any implied license or express license or covenant not to sue, or in the alternative, that there was a mutual mistake of fact relating to any implied license, express license, or covenant not to sue, to the extent they are found to exist, necessitating reformation.

18.19.  Theta contends that Samsung is not entitled to a declaratory judgment "that the Asserted Patents, and each and every claim thereof, are invalid and not infringed by Samsung in connection with Qualcomm's IntelliCeiver technology" or any other technologies and/or products that are not asserted at trial.  *See, e.g., Alcorn Research Ltd. v. Barr Laboratories, Inc.*, 745 F.3d 1180, 1193 (Fed. Cir. 2014) ("[a] court should not render judgment" on withdrawn claims).

19.20.  Theta contends that it has suffered damages in an amount to be determined at trial that is not less than a reasonable royalty adequate to compensate it for Samsung's infringement of the Asserted Patents as a direct and proximate cause of Samsung's infringement and is entitled to an award of damages adequate to compensate it for Samsung's infringement.

20.21.  Theta contends that it is entitled to collect damages for any acts of infringement occurring as of the issue date of each Asserted Patent.

21.22.  Theta contends that Samsung has infringed the Asserted Claims in bad faith and continues to infringe the Asserted Claims in bad faith.

22.23.  Theta contends that it is entitled to enhanced damages for past and continued willful conduct, as well as an award of pre- and post-judgment interest, costs, and any other relief the Court deems equitable and just.

23.24.  Theta contends that it is entitled to an award of its attorneys' fees pursuant to 35 U.S.C. §§ 285, or otherwise permitted by law.

24.25.  Theta contends that it is entitled to judgment imposing a mandatory royalty on each and every Accused Products made, used, sold, offered for sale, and/or imported in the future, or any product made, used, sold, offered for sale, and/or imported in the future that is not colorably different the Accused Products.

25.26.  Theta contends that it is entitled to a permanent injunction against Samsung, its respective officers, agents, servants, employees, attorneys, parent and subsidiary corporations, assigns and successors in interest, and those persons in active concert or participation with them, enjoining them from infringement, inducement of infringement, and contributory infringement of the Asserted Patents, including but not limited to an injunction against making, using, selling, and/or offering for sale within the United States, and importing into the United States, any products and/or services that infringe the Asserted Patents.

      **B.**    **Samsung's Contentions**

Samsung provides the following statement of contentions without waiver of any affirmative defense pled, any response given during discovery, or any opinion expressed by Samsung's experts.

1. Samsung contends that it has not directly infringed any Asserted Claim of the Asserted Patents.

2. Samsung contends that it has not indirectly infringed any Asserted Claim of the Asserted Patents.

3. Samsung denies that Theta has been damaged by Samsung's alleged infringement, and contends that Theta is not entitled to any monetary damages under any theory, including a reasonable royalty theory, nor is Theta entitled to pre- and/or post-judgment interest.

4. Samsung contends that its alleged infringement of the Asserted Patents has not been, and is not, willful.

5. Samsung contends that its alleged infringement of the Asserted Patents has not been,

and is not, in bad faith.

6.      Samsung contends that it has an implied license to practice the Asserted Patents and that Theta is legally estopped from asserting the Asserted Patents against Samsung.

7.      Samsung contends that the Asserted Claims of the Asserted Patents are invalid.

8.      Samsung contends that the '962 Patent Certificate of Correction is invalid and that Theta therefore has the burden to prove the uncorrected claim of the '962 Patent is infringed; because Theta has made no attempt to prove that the uncorrected claim is infringed, if the Certificate of Correction is invalid, there is no infringement.

9.      Samsung contends Theta is not entitled to enhanced damages under 35 U.S.C. § 284.

10.     Samsung contends that Theta is not entitled to attorney fees or costs under 35 U.S.C. § 285.

11.     Samsung contends Theta is not entitled to injunctive relief, or any relief whatsoever.

12.     Samsung is entitled to its costs, expenses, and attorneys' fees under 35 U.S.C. § 285, and any other relief the Court deems appropriate.

13.     Samsung contends that Theta IP is liable for breach of contract.

14.     Samsung is entitled to damages sufficient to compensate it for its harm suffered by virtue of Theta's breach of contract, including but not limited to Samsung's reasonable attorneys' fees and costs incurred in connection with this action.

15.     Samsung is entitled to a declaratory judgment that the Asserted Patents, and each and every claim thereof, are invalid and not infringed by Samsung in connection with Qualcomm's IntelliCeiver technology.

16.     The terms in the asserted patents should be construed as Samsung offered in this case.

17.     Samsung preserves a challenge to ownership unless and until Theta satisfies its burden with respect to the Asserted Patents as construed and interpreted at trial.

18.     Samsung contends that the Asserted Claims are not entitled to a priority date before March 1, 2003, the date on which Provisional Application Nos. 60/451,229 and 60/451,230 were filed.

## IV.     STIPULATED FACTS

The parties agree to the following stipulated facts:

1.      This Court has jurisdiction over the parties and all claims and defenses in this action.

2.      Theta is a limited liability company organized under the laws of Delaware, with its principal place of business in Coppell, Texas.

3.      Defendant Samsung Electronics Co., Ltd. ("SEC") is a corporation organized under the laws of the Republic of Korea, with a principal place of business in Suwon, South Korea.

4.      Defendant Samsung Electronics America, Inc. ("SEA") is a wholly owned subsidiary of Samsung Electronics Co., Ltd. with a principal place of business in Ridgefield Park, New Jersey.

5.      The '825 Patent, entitled "Power Dissipation Reduction in Wireless Transceivers," was issued on November 13, 2018.

6.      The '962 Patent, entitled "Power Dissipation Reduction in Wireless Transceivers," was originally issued on December 5, 2017.

7.      The '202 Patent, entitled "Power Dissipation Reduction in Wireless Transceivers," was issued on December 31, 2019.

8.      Each of the Asserted Patents claims a priority date from two Provisional U.S. Patent Applications filed on March 31, 2003, bearing Application Nos. 60/451,229 and 60/451,230.

9.      Application No. 15/080,432 for the '825 Patent was filed on March 24, 2016, and was published on July 21, 2016.

10.     Application No. 15/080,421 for the '962 Patent was filed on March 24, 2016, and was published on July 21, 2016.

11.     The application for the '202 Patent was filed on November 28, 2017, and was published on March 22, 2018.

12.     On December 31, 2019, the United States Patent and Trademark Office issued a Certificate of Correction for the '962 Patent, where in Claim 1, at Column 14, Line 8, "increased" was replaced with "decreased."

13.     Theta filed its complaint on February 28, 2020.

14.     U.S. Patent No. 6,134,430 to Younis et al. (the "'430 Patent") was filed on December 9, 1997 and published on October 17, 2000.

15.     U.S. Patent No. 6,175,279 to Ciccarelli et al. (the "'279 Patent") was filed on March 4, 1998 and published on January 16, 2001.

16.     U.S. Patent No. 6,298,221 to Nguyen (the "'221 Patent') was filed on April 1, 1998 and published on October 2, 2001.

17.     U.S. Patent No. 6,670,901 to Brueske et al. (the "'901 Patent") was filed on July 31, 2001 and published on February 6, 2003.

18.     A paper titled *CMOS Low-Power Analog Circuit Design* by Vittoz et al. was published in Emerging Technologies: Designing Low Power Digital Systems on May 15, 1996 ("Vittoz 1996").

V.    **DISPUTED ISSUES OF LAW**

The parties have disputes of law and fact regarding infringement, validity, willfulness,

implied license, and damages.  But the parties agree that there are no issues that require separate

briefing at this time beyond the motion papers mentioned herein, and the parties' motions *in limine*

or objections to evidence filed or to be filed according to the Court's Scheduling Order.

Samsung maintains that the claims should be construed as set forth in Samsung's briefing on

claim construction previously presented, and that Samsung has an implied license to practice the

Asserted Patents and that Theta is legally estopped from asserting the Asserted Patents against

Samsung.  Samsung's contentions on these issues are set forth in previously-presented briefing.

Theta contends that Samsung does not have an express or implied license, that Theta is not

legally estopped from asserting the Asserted Patents, and that Samsung is barred by unclean hands

from asserting that it has either, or that in the alternative, there was a mutual mistake of fact.

Samsung contends that Theta's theories of "unclean hands" and "mutual mistake of fact"

have no relevance to an implied license defense.

As discussed during the December 16, 2021 motion hearing, Samsung disputes Theta's

application of the plain and ordinary meaning of the terms "high" and "low" in the Asserted

Claims.  Per the Court's order and a briefing schedule agreed to by the parties, Theta is to submit a

brief by December 22, 2021 "explaining why the expert believes that the product – Samsung

products infringe and what he did in terms of his analysis, why it infringes this claim term, and then

why the claim term is, in fact, plain and ordinary meaning within the context of the patent and the

specification."  Dec. 16, 2021 Hearing Tr. at 43:12-44:2.  Samsung's response will be due

December 29, 2021.  Theta's reply will be due on January 2, 2022.

## VI.    EXHIBITS

The parties will continue to confer to prepare a Joint Exhibit List.  Theta'sTheta's Amended

Exhibit List and Samsung's objections thereto are attached as **Exhibit A-2**.  Samsung's Exhibit List

and Theta's objections thereto are attached as **Exhibit A-3**.  The Parties' Joint Exhibit list is attached hereto as **Exhibit A-1**.

The parties will continue to meet and confer regarding their respective objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

## VII.    WITNESSES

Theta's witness list is attached as **Exhibit B-1**.  Samsung's witness list is attached as **Exhibit B-2**.  Any objections to the parties' witness lists will be filed by December 28 pursuant to the Court's Standing Order and Scheduling Order.

The parties will continue to meet and confer regarding their respective objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

## VIII.   DEPOSITION DESIGNATIONS

Theta's amended deposition designations with Samsung's objections and counter-designations are attached as **Exhibit C-1**.  Samsung's deposition designations with Theta's objections and counter-designations are attached as **Exhibit C-2**.

The parties will continue to meet and confer regarding their respective objections in an effort to resolve all remaining issues and objections prior to presenting them to the Court.

## IX.    PROCEDURAL STIPULATIONS AND TRIAL DISCLOSURES

The following stipulations were agreed upon by the parties, as discussed below, and are made a part of this Pretrial Order.

The parties agree to the following procedure which will govern the disclosure of exhibits, witnesses, deposition testimony, and demonstratives to use at trial and the process to identify any objections remaining between the parties with regard to these disclosures:

### A.    Motions

All motions for judgment as a matter of law pursuant to Fed. R. Civ. P. 50(a) may be

brought to the Court orally or in writing, at any time before the jury begins deliberations.  Unless the Court sets alternative deadlines, all oppositions to motions filed pursuant to Fed. R. Civ. P. 50(b) must be filed within 28 days of the filing of the motion. All replies in support of the motions must be filed within 21 days of service of any oppositions.  The parties reserve their right to seek reasonable extension of these deadlines subject to the Court's approval.

### B.     Exhibits

The Exhibit Lists set forth the parties' exhibits including all exhibits they intend to offer into evidence, except for impeachment exhibits, which may or may not be introduced into evidence. The parties' exhibit lists include exhibits that may not necessarily be introduced into evidence.  A party's failure to introduce any exhibit appearing on its list shall not be commented on during trial. The parties reserve the right to use or offer exhibits for purposes of impeachment that are not included in the Exhibit Lists.  Each party reserves the right to add additional exhibits to its exhibit list, for good cause shown, by agreement of the parties, or as ordered by the Court.

The parties will provide to each other's counsel of record via email a written list of any exhibits, by exhibit number, for each witness that it intends to call by way of direct examination in advance of their introduction.  The parties ~~will continue to confer on the timing of such~~agree that these disclosures~~.  Theta proposes that such disclosures occur no later than 7:00 p.m.[1] two calendar days before their introduction (e.g., Saturday evening for a witness to be called on a Monday). Samsung proposes that the disclosures~~ will occur no later than 1:00 p.m.[2] on the calendar day before their introduction (e.g., Sunday ~~evening~~ for a witness to be called on a Monday).  Physical

---

[1] ~~All times noted herein are Central Time.~~

[2] All times noted herein are Central Time.

exhibits must be made available for inspection by the same time.  Any objections to the identified exhibits shall be provided no later than 7:00 p.m. one calendar day before the exhibits are proposed to be introduced and the parties shall meet and confer telephonically or in person in an attempt to resolve any objections to the exhibits beginning on or before 9:00 p.m. the day the objections are provided.  The parties will continue in good faith to meet and confer regarding exhibits and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to the introduction of the exhibit.

The parties may use each other's exhibits listed on the parties' respective exhibit lists attached hereto to the same effect as though it were on its own exhibit list, subject to all evidentiary objections.  However, another party's exhibit is not admissible by virtue of being on an exhibit list or over an objection; a party seeking to introduce another party's exhibit must still have a witness sponsor the exhibit into evidence as described above subject to any objections.  The listing of an exhibit by a party on its exhibit list does not waive any evidentiary or other objections to that exhibit should the opposing party attempt to offer it into evidence.  Any exhibit, once admitted, may be used equally by each party.

The parties agree that any description of a document on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document.

The parties agree that any date listed on the exhibit list is not evidence of nor an admission of the date of the document, and that failing to list a date is neither evidence of nor an admission of whether the document is dated.

Legible copies of United States and foreign patents, the file prosecution histories of United States patents, published foreign patent applications, certified translations thereof (if in English or

translated into English), and USPTO assignment records may be offered and received in evidence in lieu of certified copies thereof, subject to all other objections which might be made to the admissibility of certified copies.

The parties also reached the following agreements and stipulations concerning the authenticity and admissibility of documents produced by parties and by Non-Parties (including Qualcomm, Womble Bond Dickinson LLP, and Nixon Peabody LLP), including to avoid the cost and burden associated with obtaining testimony to authenticate documents (including source code), to establish that documents are business records, or to correlate source code with components that are included in particular Samsung devices:[3]

1.  Subject to the exceptions stated below, documents and things (including source code) produced by the Non-Parties pursuant to subpoenas in this Action are authentic under Fed. R. Evid. 901-902, constitute business records under Fed. R. Evid. 803, and will not be objected to on the basis of hearsay if offered into evidence by either party;

2.  Subject to the exceptions stated below, and absent affirmative evidence that a document or thing is not what it purports to be, documents and things (including source code and documents obtained from third parties) produced by the Parties and third parties in this Action are authentic under Fed. R. Evid. 901-902, constitute

---

[3] For avoidance of doubt, the parties intend for these stipulations to satisfy any requirements to authenticate and overcome the hearsay rule as to documents and source code, including as articulated in *Wi-Lan Inc. v. Sharp Elecs. Corp.*, 992 F.3d 1366 (Fed. Cir. 2021).  However, the parties do not waive any objections related to periodicals, news articles, or websites (other than the parties' websites), and do not waive any objections as to the categories of documents addressed in the parties' motions *in limine*.  In addition, the parties reserve the right to object to exhibits created by experts.

business records under Fed. R. Evid. 803, and will not be objected to on the basis of hearsay if offered into evidence by either Party;

3.      Documents and things produced by Dr. Yannis Tsividis in this Action bearing the YT2 prefix are authentic and will not be objected to on the basis of hearsay if offered into evidence by either Party;

4.      The Parties' stipulations in paragraphs 1-3 above do not apply to handwritten notes, except to the extent such handwritten notes are contained in sketch books or lab notebooks.  If a document or thing produced by a Party also bears handwritten notes, the Parties' stipulations do not apply to the handwritten notes portion of the document, but do apply to the remainder of the document or thing.  The Parties agree that, at a mutually agreed upon time prior to trial, each Party may identify to the other Party a reasonable amount of documents and things containing handwritten notes as to which that Party wishes a stipulation of authenticity.  The other Party agrees to give good faith consideration to a reasonable request pertaining to handwritten notes.

5.      For avoidance of doubt, the above stipulations apply to source code, including source code that was tendered for inspection by a Party or Non-Party in source code review repositor(ies) or on standalone review computer(s) in this Action, as well as printouts made therefrom (e.g., bearing bates-labels), such as via the procedures set forth in the Confidentiality and Protective Order and COVID-19 Addendum applicable to this proceeding (Dkt. 64);

6.      To the extent that a Party objects to the authenticity or admissibility of any document, it will not object to or interfere with efforts by the offering Party to obtain

declarations or testimony to overcome such objections (including, e.g., any effort to

seek leave in order to obtain such declaration or testimony);

7.

9.

_____

[4] An executed declaration from Qualcomm concerning source code and technical documents is filed under seal herewith at Ex. 1.

10.     Notwithstanding the above, the Parties reserve their right to object to the admission of evidence based on any grounds permitted by law and not expressly addressed herein, including, e.g., relevance or privilege.

11.     Nothing in this stipulation will be construed as narrowing the provisions of Local Court Rule 26 concerning the Authentication of Documents.

## C.     Witnesses

The parties agree to disclose the witnesses in the order that they will be called.  No later than 7:00 p.m. two calendar days before their introduction (e.g., by 7:00 pm on Tuesday for witnesses appearing on Thursday), counsel shall provide to opposing counsel the names and order of witnesses to be called (both live and by deposition).  The parties will raise, and will cooperate in seeking to have the Court resolve, any objections to the identity of witnesses prior to the conclusion of the Pre-Trial Conference.  Witnesses who are not on either parties' witness list at the time of the Pre-Trial Conference will not testify absent good cause shown.

Fact witnesses are not to be allowed into the courtroom before they testify on the stand.  The only exception is the parties' client representative, who will be allowed in the courtroom even if testifying in the case.  Expert witnesses can observe any testimony.

Prior to the start of the direct and cross-examination of any witness, the parties agree to provide the other party with two copies of witness binders that contain all of the exhibits expected to be used on direct or cross-examination of that witness.

## D.     Deposition Testimony[5]

For any witnesses whose testimony a party intends to present by deposition, the parties shall

---

[5] To the extent permitted by the Federal Rules of Evidence and rulings from the Court, the parties agree that depositions may be used at trial whether or not the transcripts of such depositions have been signed and filed as set forth in Federal Rule of Civil Procedure 30(b).

identify a list of deposition designations to be played or read to the jury by 7:00 p.m. two calendar days before the designations are to be played or read to the jury.  Any objections and counter-designations shall be provided no later than 3:00 p.m. the day before the designations are to be played or read to the jury.  Any objections to counter-designations shall be provided no later than 7:00 p.m. the day the counter-designations are provided.  The party introducing the deposition testimony shall be responsible for editing the deposition video to include the testimony and any counter-designation testimony, and remove any attorney objections/colloquy[6] and provide a final version of the deposition testimony excerpts (testimony clip report) to the other party by 7:00 p.m. the day before it is to be shown to the jury.  If the party intends to read the deposition testimony into the record instead of playing the video, the party shall state that in writing by 7:00 p.m. the day before the testimony is to be introduced.  The parties shall meet and confer on or before 9:00 p.m. the day before the deposition testimony is to be shown to the jury in an attempt to resolve any objections to the deposition.  The parties will continue in good faith to meet and confer regarding the proposed deposition testimony and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.  If a party designates deposition testimony, and the other party counter-designates, then the designations and counter-designations will be read or played together in chronological order.[7]

Any deposition testimony not specifically identified on a party's deposition designation list

---

[6] Theta contends that it should be permitted to present objections or colloquy if required to understand the substance of the underlying testimony, such as when a witness refers back to the objection or colloquy in his or her answer.  Samsung maintains that attorney colloquy and objections are not evidence and should not be included.

[7] The parties reserve the right to object to certain counter-designations as improper and will inform the Court if there are any disputes regarding deposition designations or counter-designations.

may still be used at trial for the purposes of impeachment, if otherwise competent for that purpose. All designated deposition testimony may be played by video or may be read live in Court.[8]  In order to reduce the number of duplicative exhibits, where a deposition excerpt refers to a document by exhibit number and that identical document was also marked as a different exhibit number, a party may substitute the trial exhibit for the deposition exhibit.

To the extent that the trial is subject to specific time limitations, the time available for each party's trial presentation shall count against the length of its designated and counter-designated testimony read or played.  The designations and counter-designations must be presented in the order they appear in the transcript.

### E.    Demonstrative Exhibits

Demonstrative exhibits that the parties intend to use at trial need not be included on the parties' respective exhibit lists.  Demonstratives exchanged per the procedure below will not be used by an opposing party prior to being used by the disclosing party.

Demonstratives are exhibits specifically created for the purpose of the trial and do not include (1) exhibits created in the courtroom during testimony or opening at trial or (2) the enlargement, highlighting, ballooning, etc. of trial exhibits or transcripts of testimony, or to composites of admitted exhibits and/or testimony, so long as the enlargement or composite does not include any characterization or description of the underlying exhibit or testimony apart from the name of the exhibit or witness.

The parties shall exchange copies of all documentary, graphic, slide, animation, video, and

---

[8] Theta objects to the use of video testimony for impeachment purposes. Theta further objects to playing any video testimony from Theta I for any purpose whatsoever. This includes, but is not limited to, videos produced for the first time on December 31, 2021.

any other form of demonstratives, such as prototypes, that they plan to use at trial during direct examination, but not for cross-examinations, by 7:00 p.m. one calendar day before their anticipated use.  Any objections to the demonstrative exhibits shall be provided by 8:30 p.m. the day before their anticipated use.  The parties shall meet and confer telephonically in an attempt to resolve any objections to the demonstratives at or before 9:00 p.m. the day the objections are provided.  The parties will continue in good faith to meet and confer regarding the proposed demonstratives and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the proposed testimony.

### F.    Disclosures for Opening Statements

Theta proposes the following procedure for opening statements: Any demonstratives to be used during opening statements are to be exchanged by ~~noon~~6 p.m. one day before the opening statements.  Any physical demonstratives, including any poster boards, must be shown at the same time and made available for inspection by the same time if requested.  By no later than ~~7~~8:00 p.m. that same day, the receiving party shall notify the other party of any objections to the proposed demonstratives.  By no later than 8:~~00~~30 p.m. that same day, counsel who will deliver opening statements shall meet and confer to resolve any objections regarding the opening statements.  The parties will continue in good faith to meet and confer regarding the proposed demonstratives, deposition testimony, and exhibits and if objections remain unresolved, the parties will cooperate in seeking to have the Court resolve any disputes prior to presenting the opening statements.  Demonstratives exchanged will not be used by an opposing party prior to being used by the disclosing party.

Samsung proposes that demonstratives or exhibits used during opening statements not be exchanged among the parties.  In the alternative, Samsung is willing to submit its demonstratives and exhibits for use in opening statements to the Court on the evening before the first day of trial

(i.e., Sunday, January 9, 2022) for *in camera* review.

**G.    Stipulations Regarding Subject Matter Not to Be Presented to the Jury**

The parties have stipulated to the following in lieu of filing certain Motions *in limine*:

1.     No references, evidence, testimony (including expert testimony), arguments, or inquiries attempting to elicit testimony, regarding whether any testimony or opinions of either party's experts have been excluded or found unreliable in this lawsuit or any other lawsuit.

2.     No comment, argument, testimony, or evidence stating, suggesting, or implying that the conduct of the other party is responsible or the cause for (1) the timing of the trial as it relates to the specific date of the trial, (2) jurors having to come to the courthouse and/or serve on the jury during the pandemic, (3) any risk to health or safety of the jurors, their families, members of the community, or anyone else, or (4) any burden or inconvenience to the jurors as it relates to the pandemic or the specific date of the trial.

3.     No derogatory or pejorative statements about (a) Samsung being a foreign or Korean company; (b) any suggestion that COVID originated from an Asian country.

4.     No arguments, evidence, or testimony suggesting that the Korean government helped Samsung cheat its way to the top.

5.     No mention of inequitable conduct.

6.     No mention of attorney fee agreements.

7.     No references to forum shopping or the Western District of Texas as a popular venue for patent litigation.

8.     No mention of the potential impact of a verdict on Samsung, on consumer prices, or the market.

9.     No reference to enhanced damages and attorneys' fee awards.

10.    No reference to geographic origin of counsel or size of law firms.

-22-

**H.      Handling of Source Code and Confidential Material**

The parties agree to abide by the procedures set forth in the Protective Order, Dkt. 62, to prevent public disclosure of documents containing information designated under that Order and/or testimony eliciting such information.  The parties agree to request that the courtroom be sealed when a party's or third party's confidential information, including source code or evidence concerning highly sensitive business documents, testimony, or information is expected to be presented.

The Protective Order (Dkt. 62) in this case does not permit electronic scanning of the source code and circuit schematics printed by the parties under the Protective Order.  A complete set of the printed source code and circuit schematics will be available in the Courtroom during proceedings, and one will be provided for the Court.  Should source code or circuit schematic pages need to be presented to the jury it will be done via document projector and separate excerpted exhibits will be prepared for submission.

**I.      Order of Presentation**

**1.      Opening Statements:**

The trial presentations shall begin with opening statements by each party. Plaintiff shall present its opening statements first, followed by Defendants' opening statements.

**2.      Evidence:**

The parties agree that unless the Court orders otherwise, the order of the presentation of evidence will follow the burden of proof, except to the extent that a witness must be taken out of order due to scheduling issues of the witness (in which event the parties will meet and confer and propose appropriate adjustments as needed).  Theta shall present its case first on the issue of infringement and damages.  Samsung may then present its response on infringement and damages and its case-in-chief.  Theta may then present its response. Theta contends it is entitled to present a

rebuttal case on all issues.  Samsung contends that Theta response should be limited to Samsung's case-in-chief (i.e., not addressing infringement and damages absent permission from the Court for good cause shown).

### 3.    Closing Arguments:

After Theta presents its rebuttal case, the parties shall conclude with closing arguments. Theta shall have the option to reserve time for closing statement to respond to Defendants' closing, not to exceed 1/3 of the allotted closing time.

### J.    Agreed Juror Notebooks

Copies of an agreed Juror Notebook will be provided to the Court containing: the Asserted Patents; each asserted claim and the Court's claim constructions relative to it; and a page for each witness expected to be called with a color photograph of the witness (provided by the offering party) and space for the juror to take notes.

## X.    PROPOSED JURY INSTRUCTIONS

The parties' joint and disputed proposed jury instructions are attached as **Exhibit D-1** and the joint and disputed proposed charge instructions are attached as **Exhibit D-2**.

Samsung requests that that the Court present the tutorial video from the Federal Judicial Center regarding the U.S. Patent Office to the members of the jury as part of its preliminary instructions to the jury.  Theta does not join this request.

## XI.    LIST OF PENDING MOTIONS

The following motions by Theta remain pending:

- Theta's Motion to Preclude Testimony Re: Alleged Comparable Licenses  (Dkt. 149, 170, 207)

- Theta's Motion for Partial Summary Judgment of No Prior Invention Under Section 102(g)  (Dkt. 147, 176, 206)

- Theta's Motion to Preclude the Testimony of J. Steckel Under Rule 702 & Daubert

(Dkt. 150, 169, 205)

- Filed Oct. 22, 2021:  Theta's Cross-Motion for Judicial Correction and for Partial Summary Judgment that the Correction was Proper  (Dkt. 127, 130, 151)

The following motions by Samsung remain pending:

- Samsung's Motion for Summary Judgment of Indefiniteness or In the Alternative Non-Infringement for Failure to Use Plain and Ordinary Meaning Claim Construction  (Dkt. 146, 173, 190)

- Samsung's Motion for Summary Judgment of Non-Infringement  (Dkt. 144, 180, 192)

- Samsung's Motion for Partial Summary Judgment of No Indirect Infringement Damages  (Dkt. 142, 181, 193)

- Samsung's Motion for Partial Summary Judgment of No Willfulness  (Dkt. 145, 182, 194)

- Samsung's Motion for Partial Summary Judgment of Invalidity of '962 Patent Certificate of Correction  (Dkt. 148, 179, 189)

- Samsung's Opposed Motion to Exclude Opinions and Testimony of Dr. L. Larson Under Fed. R. Evid. 702 and Daubert  (Dkt. 141, 177, 191)

- Samsung's Opposed Motion to Exclude Dr. J. Prince's Opinions and Testimony Under Fed. R. Evid. 702 and Daubert  (Dkt. 139, 175, 187)

- Samsung's Opposed Motion to Exclude Mr. J. Bergman's Opinions and Testimony Under Fed. R. Evid. 702 and Daubert  (Dkt. 137, 172, 186)

- Samsung's Motion to Strike and Daubert Motion to Exclude Opinions and Testimony of M. Smith and J. Bergman  (Dkt. 136, 178, 185)

- Filed Oct. 8, 2021:  Samsung's Motion for Partial Summary Judgment of No Damages Prior to the Issuance of Certificate of Correction  (Dkt. 122, 127, 129)

- Samsung's Motion to Adjourn the Trial Date Pending Resolution of Plain Meaning Disputes (Dkt. 234, 235)

## XII.   VOIR DIRE

The parties jointly proposed voir dire is attached as **Exhibit E**.

## XIII.   VERDICT FORM

Theta's proposed verdict form is attached as **Exhibit F-1**.  Samsung's proposed verdict form is attached as **Exhibit F-2**.

## XIV.   DISPUTED MOTIONS *IN LIMINE*

Theta's Motions *in Limine* are attached as **Exhibits G-1**. Samsung's Motions *in Limine* are attached as **Exhibit G-2**.  In addition, the parties have conferred and agreed to the evidentiary stipulations listed in Section IX.G above.

## XV.   LENGTH OF TRIAL

Theta proposes that the trial be 5 days; Samsung proposes that the trial be 7 days.

Dated:  January 3, 2022

Respectfully submitted,

*/s/ Denise M. De Mory*
Denise M. De Mory (*pro hac vice*)
California State Bar No. 168076
Henry C. Bunsow (*pro hac vice*)
California State Bar No. 60707
Aaron Hand (*pro hac vice*)
California State Bar No. 245755
Corey Johanningmeier (*pro hac vice*)
California State Bar No. 251297
Hillary Bunsow (*pro hac vice*)
California State Bar No. 278719
Michael Flynn-O'Brien (*pro hac vice*)
California State Bar No. 291301
Bunsow De Mory LLP
701 El Camino Real
Redwood City, CA 94063
(650) 351-7241 telephone
(415) 426-4744 facsimile
ddemory@bdiplaw.com
hbunsow@bdiplaw.com
ahand@bdiplaw.com
cjohanningmeier@bdiplaw.com

~~/s/~~ */s/ Ruffin B. Cordell*
Melissa R. Smith
 (State Bar No. 24001351)
James T. Underwood (State Bar No. 24102587)
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
melissa.gillamsmithlaw.com

Ruffin B. Cordell (DC Bar No. 459780)
Michael J. McKeon (NY Bar No. 2793883)
Daniel A. Tishman (DC Bar No. 459780)
Ryan M. Teel (DC Bar No. 1044020)
Matthew Mosteller (CA Bar No. 324808)
FISH & RICHARDSON P.C.
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Email: cordell@fr.com; mckeon@fr.com;
tishman@fr.com; teel@fr.com;
mosteller@fr.com

hillarybunsow@bdiplaw.com
mflynnobrien@bdiplaw.com

***Attorney in Charge for Plaintiff Theta IP,
LLC***

B. Russell Horton
State Bar No. 10014450
George Brothers Kincaid & Horton, L.L.P.
114 West 7th Street, Ste. 1100
Austin, Texas 78701
(512) 495-1400 telephone
(512) 499-0094 facsimile
rhorton@gbkh.com

***Attorney for Plaintiff Theta IP, LLC***

Francis J. Albert
 (CA Bar No. 247741)
FISH & RICHARDSON P.C.
12860 El Camino Real, Suite 400
San Diego, CA 92130
Telephone: (858) 678-5070
Email: albert@fr.com

Chet D. Campbell (MA Bar No. 688190)
FISH & RICHARDSON PC
One Marina Park Drive
Boston, MA 02210-1878
Telephone: 617-542-5070
Email: cycampbell@fr.com

S. Michael Song (CA State Bar No. 198656)
Michael Joshi (CA State Bar No. 302184)
Madeleine Ball (CA State Bar No. 336923)
*Admitted pro hac vice*
michael.song@dechert.com
michael.joshi@dechert.com
madeleine.ball@dechert.com
Dechert LLP
3000 El Camino Real
Five Palo Alto Square, Suite 650
Palo Alto, CA 94036
(650) 813-4800

Martin J. Black (PA State Bar No. 54319)
Derek J. Brader (PA State Bar No. 312513)
*Admitted pro hac vice*
martin.black@dechert.com
derek.brader@dechert.com
Dechert LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
(215) 994-4000

***Attorneys for Samsung Electronics Co., Ltd.
and Samsung Electronics America, Inc.***

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that the foregoing document was filed and received by all

counsel of record using the Court's CM/ECF system on January 3, 2022.

*/s/ Denise M. De Mory*
Denise M. De Mory

**Appendix 1**

Table 1:  Accused Products and Accused Components